## Ligon's Administrator v. Evansville Railways Company.

(Decided June 2, 1915.)

Appeal from Henderson Circuit Court.

1. Negligence—Action for Death Resulting From—Where Instrumentality or Thing Causing Death is in Control of Defendant—Burden

of Proof.—In an action for personal injury or death, where the instrumentality or thing that causes such injury or death is shown to be under the management of the defendant and the accident is such, as, in the ordinary course of events, does not happen by the use of ordinary care, it affords some evidence that the accident occurred because of the failure to use such care, and casts upon the defendant the burden of showing that it did not so result.

2.   Railroads—Employe of One Railroad in Performance of a Service for Another Railroad, Required By His Employment, if Killed By Negligence of the Latter—When Both Companies Liable Therefor. —If the employe of one railroad company is killed while performing a service for another railroad company, by its negligence, the responsibility of the latter for his death resulting from its negligence will not relieve the company which employed the decedent from liability for his death, if the performance of the service in which the decedent was killed was such as arose out of the employment; especially is this true if the employing company is in control of the company by whose negligence the death of the decedent was caused.

3.   Railroads—Control of One Railroad By Another—Error in Rejecting Evidence—Error in Granting Peremptory Instruction.— Where the question, whether the railroad company by whose negligence the death of the decedent was caused was under the control of another railroad company, by which the decedent was employed, was in issue, it was error for the trial court to refuse the admission of the testimony of certain servants of the negligent company that they were employed and paid by the railroad company in whose service the decedent was employed, as such testimony, together with other evidence introduced by the plaintiff, conduced to prove the control of the negligent company and its servants by the company which employed the decedent; and this being true, the granting by the trial court of a peremptory instruction directing a verdict for the latter company, was error.

GIBNEY OSCAR LETCHER and DORSEY & DORSEY for appellant.

FUNKHOUSER, FUNKHOUSER & MURKEL, JOHN C. WORSHAM and YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was instituted in the court below by the appellant, Union Bank & Trust Company, of the city of Henderson, as administrator of the estate of J. Owen Ligon, deceased, against the appellee, Evansville Railways Company, and the Henderson Traction Company, seeking the recovery against them of damages for the death of Ligon, alleged to have been caused by their joint and concurring negligence. On the trial appellant,

by agreement with the Henderson Traction Company, recovered a judgment against it for $900.00 in damages, but the jury, at the conclusion of the appellant's evidence, returned a verdict in behalf of the appellee, Evansville Railways Company, in obedience to a peremptory instruction from the court. Appellant complains of the judgment entered upon that verdict, and by this appeal seeks its reversal.

The Henderson Traction Company is a corporation owning an electric street railway in the city of Henderson, this State, which is operated in its corporate name. The appellee, Evansville Railways Company, incorporated under the laws of the State of Indiana, owns and operates an interurban electric railroad between the city of Evansville, in that State, and the city of Henderson.

It is alleged in the petition that the Evansville Railways Company owns a majority of the capital stock of the Henderson Traction Company, controls and manages its street railway system, and that the two corporations "jointly and in conjunction with each other" use and operate their respective electric cars over the tracks of the Henderson Traction Company; that the Evansville Railways Company employs and discharges, controls and pays the servants and employes of the Henderson Traction Company, and that the two companies store and keep the cars used by the Henderson Traction Company in a building in the city of Henderson known as the power house; that the decedent, J. Owen Ligon, was at the time of his death, and for many months prior thereto employed by the appellee, Evansville Railways Company, to sell tickets and collect moneys therefor at its office or station in the city of Henderson, and that it was a part of his duty under such employment to enter every night the cars of the Henderson Traction Company, stored in its power house, after their use for the day, and remove the money from the boxes thereof which had been received during the day as fares collected of passengers; that on the first day of August, 1913, and while performing the duty last mentioned, the decedent lost his life under the following circumstances: That upon entering the power house at eleven o'clock P. M., it became necessary for the decedent to light up a car from which he was required to remove the day's fares, in order that he might see how to unlock the money box, and as this lighting could be done only by adjusting to

the electric wire above the trolley pole attached to the car, this he accomplished by stepping on the track in front of the car in question; but upon connecting the trolley pole with the electric line the car suddenly moved toward the decedent, and, before he could get off the track, struck and jammed him against another car, standing on the same track a few feet distant, the force of the collision causing his death. This sudden and unexpected movement of the car was, as alleged in the petition, caused by the negligence of the defendants and their motorman last in charge of the car, in leaving it in the power house without putting on the brake or so adjusting the motor as to prevent it from being moved by the application of the electric current resulting from connecting the trolley pole of the car with the wire above; it being further alleged that it was the duty of the defendant companies to furnish the decedent with a reasonably safe place to perform the service appertaining to his employment of removing the money from the car, and that as his death resulted from their negligent failure to provide him a safe place for the performance of the service required of him, the decedent, responsibility for his death rests upon them jointly and severally.

The answer of the appellee, Evansville Railways Company, fails to deny that it owns a majority of the capital stock of the Henderson Traction Company, but does deny that it controls or manages the street railway system of the latter or that the two corporations jointly and in connection with each other use and operate their respective electric cars over the tracks of the Henderson Traction Company; also denies that the Evansville Railways Company employs, discharges, controls or pays the servants and employes of the Henderson Traction Company, or that the two companies store and keep the cars used by the Henderson Traction Company in a building in the city of Henderson known as the power house. The answer admits that the decedent was, at the time of his death and for many months prior thereto, employed by the appellee, Evansville Railways Company, to sell tickets at its office or station in the city of Henderson, but denies that it was a part of his duty under such employment to perform any service for the Henderson Traction Company, either in the matter of removing the day's fares from its cars in the power

house after their use for the day, or otherwise, or that in performing such service for the latter company the decedent was acting as an employe of appellee.

The rule is well established in this jurisdiction that it is the duty of the master or employer to furnish the servant or employe a reasonably safe place, material and appliances, in, and with which, to perform the labor or service required of the latter under his employment. The authorities supporting the rule are so numerous and familiar that citation of them is deemed unnecessary. This rule also applies whether the work required of the servant by the master be performed for the benefit of the master or another, or upon the premises or with the appliances of the master, or the premises or appliances of another; the test being that the work must be within the scope of the servant's employment by the master and such as the latter may control him in performing.

The petition in the instant case seems to rest appellant's right of recovery upon two grounds: (1) That his intestate was jointly employed by the defendant railway companies to do the work he was killed in performing; that the work was being performed for their joint benefit, and that his death was caused by the joint and concurrent negligence of the two employers, in failing to provide him a reasonably safe place and appliances for performing the work required of him. (2) That at the time of his death the decedent was in the employ of the appellee, Evansville Railways Company alone, and that the work he was performing when killed appertained to such employment and was required of him by that company, which then owned a majority of the capital stock of the Henderson Traction Company, employed and paid its operatives, managed and controlled its operation and affairs; and that the death of the decedent was caused by the joint and concurrent negligence of the two railway companies in failing to provide him a reasonably safe place and appliances for performing the work required of him.

Judging from the character of the evidence introduced by appellant, the second ground stated, seems to be the one mainly relied on. In an action for personal injury or death, where the instrumentality or thing that caused such injury or death is shown to be under the management of the defendant and the accident is such

as in the ordinary course of things does not happen by the use of ordinary care, it affords some evidence that the accident occurred because of the failure to use such care, and casts upon the defendant the burden to show that it did not so result. Lou. Lighting Co. v. Owens, 32 R., 283; Sherman & Redfield on Negligence, Section 60.

It remains to be seen whether the appellant's evidence brings this case within the rule stated. The facts set forth in the petition as to the manner in which the decedent was killed are sustained by the testimony of the witness H. A. Brooks, who was with him at the time and had assisted him for several months in performing the work of removing the money from the cars of the Henderson Traction Company. The decedent's death resulted from his being caught and crushed between two cars; that is, the car he was about to enter for the purpose of obtaining the passenger fares in its box, and which he had lighted by adjusting the trolley pole to the overhead wire, immediately ran back with such swiftness that he could not get off the railway track in time to avoid its striking and pushing him against another car four or five feet away, thereby crushing and killing him; and although Brooks detached the trolley pole from the wire as quickly as it could be done, this was not accomplished by him in time to save the decedent's life. The full power used in operating the car was nine "points," and after the accident it was discovered that the lever on the car, by which the electric current was regulated in operating it, was on seven points, and that the brake was only partially set. The lever referred to is located in the vestibule of the car, just above the place occupied by the motorman, and by knocking this "overhead" (as it is called) off, the power is disconnected from the motors, making it impossible to move the car, and yet not affecting the current in the car for lighting purposes.

According to the testimony of Brooks and other motormen, the car by which the decedent was killed, when left in the car barn had not had the electric current disconnected from the motors, nor had its brake been properly set. If these customary and necessary precautions had been taken by the motorman who left the car in the barn, the adjusting of the trolley pole to the overhead wire by the decedent would not have set the car in motion; in fact, would have had no other effect than to have

caused the lighting of the car.  The above uncontradicted evidence demonstrates that the car which killed the decedent was, at the time of the accident and previous thereto, in an unsafe and dangerous condition, therefore he was not furnished with a reasonably safe place to perform his duty of removing the money from the cars.

It also conclusively appears from the evidence that the dangerous condition of the car was unknown to the decedent, because had he entered it before adjusting the trolley pole to the electric wire overhanging the car, there would have been no light to enable him to discover that the brake was not on, or that the electric current had not been disconnected from the motors; and there was no way to produce light without attaching the trolley pole to the overhead wire, which could only be done by the decedent going upon the track in front of the car and manipulating the trolley pole by means of the line kept hanging from the trolley pole for that purpose.

The evidence introduced by appellant as conducing to prove that the decedent, at the time of his death, was in the employ of the appellee, Evansville Railways Company; that the work he was then performing appertained to such employment and was required of him by that company; and that the latter was also in the management and control of the operatives, cars and business of the Henderson Traction Company, is as follows:  That the decedent acted as its agent in selling tickets for use on its line nine months before his death; that for the last three months of that time he performed the duty each night of removing the fares from the money boxes of the cars of the Henderson Traction Company, for which work, as well as the services performed by him as appellee's ticket agent, he was compensated by the latter; and that no compensation was paid him by the Henderson Traction Company; that W. A. Carson, admittedly in the employ of appellee, acted as the manager of the cars, operatives and business of both the appellee and the Henderson Traction Company; that the decedent for some months prior to his death made daily deposits in the Henderson National Bank, to the credit of both railway companies; the moneys which he had received from the sale of tickets being deposited to the account of the appellee, Evansville Railways Company, and the moneys taken from the cars of the Henderson

Traction Company being deposited to the account of that company.

In addition to the above evidence appellant offered to prove by Sam Tally, J. R. Hicks, H. A. Brooks, and perhaps others, that, although they were engaged exclusively as motormen in operating the cars of the Henderson Traction Company, they were in fact paid for the services they rendered in that capacity by the appellee, Evansville Railways Company; but, notwithstanding the avowals by the appellant that each of these witnesses would have stated that they were paid for the services they rendered the Henderson Traction Company by monthly checks received from the appellee, Evansville Railways Company, the trial court refused to admit the evidence, holding it incompetent. We think this ruling was error. The evidence shown by the avowals, had the witnesses been allowed to testify thereto, would have been competent as conducing, with the evidence previously mentioned, to show the control of the Henderson Traction Company by the appellee, Evansville Railways Company; that the work being performed by the decedent at the time of his death for the Henderson Traction Company arose out of his employment by the appellee and was required by the latter; and that the latter was responsible for such acts of negligence on the part of the Henderson Traction Company and its operatives as may have caused the decedent's death.

If the employe of one railroad company is injured while performing a service for another railroad company, by its negligence, the responsibility of the latter for the injury resulting from its negligence will not relieve the company which employed the injured servant from liability therefor, if the performance of the service in which the injury was received was such as arose out of the employment. The duty of the master to furnish the servant with a reasonably safe place, material and appliances in and with which to work cannot be delegated to another. C. & O. Ry. v. Markham, 136 Ky., 245; G. C. & S. F. Ry. Co. v. Dorsey, 18 S. W., 444. In such state of case the person injured may maintain a joint action against both wrongdoers. Brown v. Cox Bros. & Co., 75 Fed. Rep., 689.

In addition to the evidence mentioned, conducing to show appellee's control of the railway tracks, cars and operatives of the Henderson Traction Company, is the

further fact, alleged in the petition and not denied by the appellee's answer, that the latter owns a majority of the capital stock of the Henderson Traction Company. It is our conclusion, therefore, that this admission of the answer, and appellant's evidence, embracing what the court excluded, authorized the submission of the case to the jury, and, if correct in this conclusion, it follows that the giving by the trial court of the peremptory instruction directing a verdict for appellee, was error.

In advance of its introduction, it cannot be told what light appellee's evidence would throw upon the issues made by the pleadings. If it should establish that the apparent control by appellee of the Henderson Traction Company's railroad, cars and operatives, appellant's evidence conduced to prove, was but an arrangement entered into by the two companies for purposes of mutual convenience, leaving each a distinct corporate entity, free of actual control by the other; and that the decedent, though at the time of his death in the employ of appellee as a ticket agent, was not required by such employment to remove from the cars of the Henderson Traction Company the moneys received in the way of passenger fares, but that he rendered that service under employment from the latter company or as a volunteer, such evidence would relieve appellee of liability for the decedent's death and leave the Henderson Traction Company alone responsible therefor. But as the evidence introduced by appellant, and that which the court improperly refused him permission to introduce, standing alone, tended to show that the decedent's death resulted from the negligence of appellee, in failing to provide him a reasonably safe place and appliances for the work required of him, the latter was not entitled to a directed verdict in its behalf. The case should have gone to the jury upon all the evidence, and under proper instructions, for their decision.

For the reasons indicated, the judgment is reversed and cause remanded for a new trial consistent with the opinion. Whole court sitting. Chief Justice Miller dissenting.