## Cincinnati, New Orleans & Texas Pacific Ry. Company v. Heath.

(Decided February 13, 1920.)

### Appeal from Pulaski Circuit Court.

1. Master and Servant—Appliances—Duty of Master to Furnish.—The duty of the master is one of ordinary care. A master is not required to furnish the servant absolutely safe appliances with which to work, the full measure of his duty being discharged when he exercises ordinary care to furnish appliances which are reasonably safe.

2. Master and Servant—Defective Appliances—Proximate Cause—Burden of Proof.—The burden is on the servant to show that the offending instrumentality was defective, that the defective condition was the proximate cause of the injury; that the employer had knowledge or by the exercise of ordinary care might have had knowledge of the peril to which the servant was subjected.

3. Master and Servant—Injury—Result of Master's Neglect.—To authorize a recovery in behalf of the servant he must show that his injury was caused by some neglect of the master, or some other servant of the master which is imputed to him. It is not sufficient to show merely that plaintiff sustained the injury while in the master's service.

4. Master and Servant—Negligence.—Where circumstances attending an injury show nothing as to the real cause, but leave it to conjecture whether it was the master's negligence, the fault of the injured servant or an unaccountable accident there is a failure of proof.

WM. & B. L. WADDLE, EDWARD COLSTON and JOHN GALVIN for appellant.

W. M. CATRON for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

In this action appellee, as plaintiff, alleged that on December 8, 1917, he was employed by the defendant in

its shops at Ferguson, as a pipe fitter helper and at about the close of his day's work he was instructed by his boss to go to one of the drop pits in the shops and couple pipes to the pumps of an engine located in a house some 75 yards from his usual place of work. He worked on the engine for approximately two hours and while attempting to walk on two boards that had been placed across the pit alongside the engine, he alleges that one of the boards tilted and precipitated him some ten or twelve feet to the bottom of the pit, and he sustained injuries for which he sought damages. A jury found in his favor for $500.00.

It is claimed the light was insufficient; there was a light on the side of the engine where he had performed the major part of his work, but on the opposite side it was darker, though he admits he could see the boards. The boards were from twelve to sixteen feet in length, ten inches wide and two inches thick. The entire pit was not covered, but the two boards had evidently been placed alongside the engine for the purpose of use by employes working on the engine. There is no allegation that the boards were warped or in any wise defective. Plaintiff testified he did not know what caused the boards to turn, that lately he had not been doing the character of work at which he was employed at the time of the accident, though he understood the work; he could see the boards; they were placed close to the engine and he knew there were two boards; he does not know how or what caused the boards to turn, and when asked whether he put his foot on the outer end of the plank he said "not that I know of," that "it creeled with him and threw him off." To the question, "This plank was lying on each side of the pit and went on across and it was concrete, smooth?" he answered, "I could not say whether there was anything under it or not." He did not know who put the planks there. No evidence was introduced by defendant, who relied upon its motion made at the conclusion of plaintiff's evidence for a directed verdict.

The duty of the master in a case of this kind is one of ordinary care. A master is not required to furnish the servant absolutely safe appliances with which to work. The full measure of his duty is discharged when he exercises ordinary care to furnish appliances which are reasonably safe. The mere fact that a piece of machinery breaks is not of itself sufficient to make out a

*prima facie* case of negligence, and in an action by a servant seeking damages growing out of defective appliances it must appear that the master knew of the defective condition of the machinery or could have known of it by the exercise of ordinary care. It is generally held in cases of master and servant that the inference of negligence is deducible not from the mere happening of the accident, but from the attendant circumstances.

Lile v. Louisville Railway Company, 161 Ky. 347, 170 S. W. 936.

A like degree of care must be exercised by the master in furnishing the servant a reasonably safe place in which to work and materials to work with. Ligons, Admr. v. Evansville Railway Co., 165 Ky. 202, 176 S. W. 968.

In speaking of the burden of proof in cases of this kind we find the rule thus stated in 18 R. C. L. 630:

"The general rules of evidence respecting the burden of proof and the burden of proceeding are, needless to say, the same in actions for injuries to employees as in other judicial proceedings. Fundamentally the plaintiff has cast upon him the duty of establishing every element of the case necessary to a recovery. He must prove the existence of the relationship of employer and employee at the time of the injury; and he must support the burden of proving that the employer was negligent. He is under the obligation of showing that the offending instrumentality was defective, that the defect was the proximate cause of his being injured, and that the employer had knowledge or by the exercise of ordinary care might have had knowledge of the peril to which he was subjected."

It was held in Harper v. I. C. R. R. Co., 115 S. W. 198, the master is not an insurer, that every employe in every business must assume some risks and dangers that are incident to it, or that may happen even with the utmost care on the part of the employer to prevent or guard against them, and liability ought not to be fastened on the master for every injury that his servant may receive,

And as said in Wilson v. Chess & Wymond Co., 117 Ky. 567, 78 S. W. 453:

"If the work is in and of itself dangerous, the master does not insure against such danger. On the contrary, there is nothing better settled than that the servant as-

sumes the ordinary risks and hazards incident to the character of his work.''

As to the question of defective light we do not think plaintiff had cause to complain; he saw the boards and more light would not have changed the condition of things at the time of the accident. In Glenn v. C. N. O. & T. P. Ry. Co., 157 Ky. 453, 163 S. W. 461, a peremptory instruction for the defendant was sustained in a case similar to this, one of the points in that case being defective lights.

A pit, of the character described in the evidence, like an ash pit, is a necessary adjunct to the railroad business, for the purpose of cleaning and repairing engines. Williams v. L. & N. R. R. Co., 111 Ky. 822, 64 S. W. 738.

In Hurt v. L. & N. R. Co., 116 Ky. 545, 76 S. W. 502, the court said: ''Before the injured servant can recover damages from his master, he must show that his injury was caused by some neglect of the master, or by some other servant of the master, which is imputed to him. It is not enough to show merely that the plaintiff sustained his injury while in the service of the master. Where the circumstances attending the injury show nothing as to the real cause, but leave it to conjecture whether it was the negligence of the master, the fault of the injured servant, or an unaccountable accident, there is a failure of proof. The cause of the injury must be proved. Unless it is shown affirmatively, there can be no recovery.''

Many authorities are cited in support of the text. This case has been referred to in numerous cases, notably C. & O. Ry. Co. v. Walker's Admr., 159 Ky. 237, 167 S. W. 128, and Rogers' Admr. v. Kosmos Portland Cement Co., 163 Ky. 84, 173 S W. 317. This latter case presents certain elements found on the present appeal. In that case plaintiff's decedent was employed about one of the bins at the company's plant. Over the bin were two planks two inches thick and 12 inches wide. Various acts of negligence were alleged in a suit for damages, growing out of injuries resulting in the death of the employe. After detailing the evidence, the court answering the question whether there was evidence that death was caused by the negligence of his employer said there was a total failure of proof in this regard. There is no reason for the application of a different principle to the facts presented by the present appeal.

It is suggested in the briefs that perhaps a lump of coal or other substance got under one of the boards and caused it to tilt, but this is mere speculation on counsel's part. The very fact that counsel is compelled to resort to surmise to explain what may have caused the board to turn shows the weakness of his client's case. Plaintiff testified he did not know what caused the board to turn, therefore we are left to guess and conjecture as to what may have been under the planks, if indeed there was anything under them. There is nothing in the record to show defendant was negligent in any wise.

In L. & N. R. R. Co. v. Campbell's Admr., 186 Ky. 628, 217 S. W. 687, we had occasion to consider this question, in which several authorities bearing upon the point in issue were collated, and we there held the facts presented did not show a case of liability.

We are referred to the case of Reffitt v. Southern Sheet & Tin Plate Co., 170 Ky. 362, 186 S. W. 155, as an authority in support of plaintiff's theory. In that case the court said there was evidence which tended to prove the company had not exercised ordinary care to provide a reasonably safe place for appellant to work, and such was the cause of his injury, and the question of its negligence in that regard, as well as on other issues made in the case, should have been submitted, under proper instructions, to the jury. Reffitt was injured through the negligence of the master in the placement of a certain bridgeway used in the hauling of material belonging to defendant from a freight car to its building. It appears the bridgeway had a cleat on its underneath side and was so placed that when a truck plaintiff was pulling struck the bridgeway the latter was pushed forward, and the truck fell, precipitating plaintiff to the ground. The cleat instead of being placed against the door sill was on the end nearest the car. The cases are not analogous.

Not only did plaintiff fail to show there was anything defective with the planks or that there was anything under them, but two witnesses introduced by him testified they had used the planks that same day, had found nothing wrong with them, and experienced no difficulty in crossing over them. The facts in this case bring it within the rule laid down in Hurt v. L. & N. R. R. Co., *supra,* and kindred cases, and since the proof wholly failed to show any negligence on the part of defendant, or its employes the latter's motion for a directed verdict

should have been sustained, and this should be the order upon a retrial in the event the evidence is substantially the same as on the first trial.

For the reasons given the judgment is reversed for further proceedings consistent herewith.