## Louisville & Nashville Railroad Company v. Vanover's Administrator.

(Decided May 16, 1924.)

### Appeal from Webster Circuit Court.

1. **Railroads—How Child was Killed Held Matter of Speculation Requiring Direction of Verdict.**—In action for death of two year old child on railroad track, manner in which accident occurred held under evidence merely a matter of speculation, in that there was nothing to show whether child was sitting, standing, or lying down, and therefore court erred in refusing to direct verdict for defendant.

2. **Railroads—No Duty of Lookout to Child Lying or Sitting on Track.**—Railroad owes no duty of lookout to a child two years of age

sitting or lying upon track, even though at crossing where defendant was required to maintain lookout.

B. D. WARFIELD and RAYBURN & WITHERS for appellant.

BOURLAND & BLACKWELL for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal by the defendant from a judgment for $9,000.00 awarded the administrator for the death of an infant two years and four days of age.

No one saw the train strike the child, or saw her upon or near the railroad track until after the train had passed, which at least passed over her body, and there is no explanation of how the accident occurred except as may be inferred from the following facts and circumstances about which there is no dispute:

The father's home faces a lane which crosses the defendant's railroad track at nearly right angles, 200 feet from his front gate. Upon either side of the roadway as it crosses the railroad track, the company maintains cattle guards, consisting of upright metal spikes or teeth between the rails and a panel of plank fence upon each side from the railroad track to the right of way line. The father left the child in his back yard about five minutes before the train passed, and going out the front gate walked down the lane to the railroad track, and along same to a field on his farm where he was when the train passed. Shortly after the train passed the mother, who was sewing on a sewing machine in the house, missed the little girl from the yard, and, after calling and searching for her a few minutes, discovered her body lying between the third and fourth ties, just across one of the cattle guards from the railroad crossing. The child was unconscious and died in about two and one-half hours. The wheels of the train had not passed over her body, and no bones were broken, but there were some bruises on the body and several punctures about the head, the deepest of which, and the one to which the doctors ascribed her death, was back of her left ear. Beginning about eighteen inches from the edge of the crossing, and extending diagonally across the cattle guard to where the child's body was found, strands of her hair were found attached to the teeth of the cattle guard. The train approached the crossing on a curve, but the crossing is visible for a distance of 230 yards in the direction from which the train came, and

the accident occurred between ten and eleven o'clock in the morning on a bright warm day in September. The speed of the train was about eighteen miles an hour, and it could have been stopped in from 250 to 350 feet.

According to the evidence for the plaintiff, the train did not whistle for the crossing.

It is argued for the appellee that the only reasonable inference from this evidence is, that the child was struck by the train while walking or standing upon the crossing, and knocked down against the sharp teeth of the cattle guard, and then dragged across it to the place where her body was found, and that the trainmen, if maintaining a lookout, could have discovered her peril in time to have avoided striking or injuring her.

There is, however, nothing from which it can reasonably be inferred that the child was upon the track for any length of time before the train struck her, or that she was walking or standing at the crossing at the time, and it is certainly as reasonable to infer, from all the proven facts and circumstances, that the child, in attempting to follow her father, fell when she reached the cattle guard and thereby received the injury back of her ear, and, lying in that position when the train came along it rolled or dragged her across the cattle guard and to the place where her body was found.

Indeed, it seems quite probable that if she had been in a standing position at the crossing and was struck by the train going, as it was, at eighteen miles an hour, she would have been knocked from the track, or at least some of her bones would have been broken.

It seems clear that upon this evidence it is merely a matter of speculation as to how the accident occurred, and that one guess is about as good as another as to whether, at the time she was struck, she was sitting or standing or lying down, if indeed the circumstances do not indicate that she must have been lying down.

If she was either sitting or lying upon the track, then upon the authority of the recent case of William Lee's Admr. v. Hines, Director General, 202 Ky. 240, 259 S. W. 339, and the many cases cited therein, the defendant owed her no duty of lookout, the accident did not result from negligence upon its part, and the verdict should have been directed for it. Since, as we have seen, such an inference from the evidence was as reasonable as any other, it results from another long line of cases that the court erred in refusing to direct the verdict for defendant, even assuming, as we have, that the crossing was one at which

the defendant was required to maintain a lookout, about which there is much doubt. Johnson, Admrx. v. M. & O. Ry. Co., 178 Ky. 108, 198 S. W. 538; L. & R. Co. v. Cook, 183 Ky. 773, 210 S. W. 661; Stuart's Admr. v. N. C. & St. L. Ry., 146 Ky. 127, 142 S. W. 232; Stull's Admr. v. Ky. Traction & T. Co., 172 Ky. 650, 189 S. W. 721; L. & I. R. Co. v. Cantrell, 175 Ky. 440, 194 S. W. 353; C. & O. Ry. Co. v. Rogers, By, etc., 193 Ky. 571, 237 S. W. 18; L. & N. R. Co. v. Stidham's Admrx., 187 Ky. 139, 218 S. W. 460.

This conclusion necessitates a reversal, and renders unnecessary a consideration of the other questions raised upon the appeal.

Wherefore the judgment is reversed and the cause remanded with directions to grant the defendant a new trial, and for further proceedings in accordance with this opinion.