## Williams' Administrator v. Portsmouth By-Product Coke Company, et al.

(Decided February 16, 1926.)

### Appeal from Pike Circuit Court.

1. Negligence—On Failure to Show Death of Child Resulted from Defendant's Negligence, Directed Verdict Proper.—In action for death of child where record showed a total failure of proof as to circumstances of death or that it resulted from defendant's negligence, either proximately or remotely, trial court properly sustained defendant's motion for a directed verdict.

2. Master and Servant—Employer Not Permitting Child to Ride in Wagon Held Not Liable for Child's Death if Caused by Driver's Negligence.—In action for death of child where record failed to show that defendant suffered or permitted child to ride in one of its wagons or knew that he was so doing, the defendant would not be liable if child's death was direct and proximate result of negligence of driver.

ROSCOE VANOVER for appellant.

HARMON, FRANCIS & HOBSON and DAN SOWERS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellant, Roscoe Vanover, administrator of the estate of Frank Williams, deceased, by this action sought to recover from appellees, Portsmouth By-Product Coke Company and Grant Williams, for the death of his intestate, alleged to have been caused by their negligence. At the conclusion of the evidence the trial court peremptorily instructed the jury to find for appellees, and on the verdict thus returned a judgment was entered dismissing appellant's petition.  He appeals.

We have searched the record in vain to find evidence to sustain appellant's contention that the trial court erred in not submitting to the jury the issue raised by the pleadings.   We have carefully read and reread the entire bill of evidence herein in an effort to ascertain how appellant's intestate met his death and whether or not it resulted from the negligence of either of the appellees. No witness who testified herein, save Grant Williams, appears to have been present or close enough to the place where the child lost his life to know anything about how

it happened. Williams was driving a team hitched to a wagon, both owned by his co-appellee at the time the accident occurred. He was introduced as a witness by appellant and interrogated about a great many things except the facts as to what happened when and how it occurred that appellant's intestate was killed. It seems from the evidence of Jack Williams, father of appellant's intestate, that at the point where his son was killed, in making a turn to go from one road into another, if one be driving a wagon, it becomes necessary to back the wagon to make the turn and in that connection he stated that in backing the wagon it went over the embankment. He, however, testified that he was at work in the mine when the accident occurred and did not hear of it for about an hour. That is the only scrap of evidence in the record that the wagon went over the embankment. The record is entirely silent as to the circumstances under which it did so, if that be conceded to be proof sufficient of the fact that the wagon did go over the embankment. Questions propounded to some of the witnesses assume that the wagon turned over. No proof of that fact is found in the record. Conceding the fact to be established by the evidence, however, that the wagon turned over, the record is wholly silent as to the circumstances under which it did so. No witness testified that the boy was killed when the wagon turned over or when it went over the embankment, and there is a total failure of proof in the record as to the circumstances under which he was killed. The record contains no evidence that in the slightest degree tends to establish that the little boy who lost his life died as a result of the negligence of either of the appellees. No particular in which either of the appellees was negligent which either proximately or remotely contributed to the child's death is found in the record. Hence the trial court properly sustained the motion of appellees for a directed verdict.

Shortly before reaching the place where the accident seems to have occurred, the evidence herein establishes that appellant's intestate, a little boy nine years of age, was riding in an ordinary farm wagon owned by appellee, Portsmouth By-Product Coke Company, which was being driven by its servant, Grant Williams. The record wholly fails to establish that the company suffered or permitted the child to ride in its wagon or that it knew that he was so doing. In that state of case, if the evi-

dence herein had established that the death of appellant's intestate was the direct and proximate result of the negligence of Grant Williams, the company's servant, it could not be held liable. That question was fully considered by this court in the very recent case of Armstrong's Admr. v. Sumne & Ratterman Company, 211 Ky. 750. Under authority of that case and for the reasons therein set forth at length, which need not here be repeated, the trial court properly sustained the motion of appellee, Portsmouth By-Product Coke Company, for a directed verdict as to it.

Perceiving no error in the judgment appealed from, it will be affirmed.