### NOBLE v. LOUISVILLE TAXICAB & TRANSFER CO. et al.
#### (two cases).

Court of Appeals of Kentucky.

Dec. 5, 1952.

Rehearing Denied March 20, 1953.

George B. Ryan and William H. Walden, Louisville, for appellants.

Robert L. Page, Louisville, for appellees.

MILLIKEN, Justice.

At the close of the plaintiffs' testimony, the trial court instructed the jury to render verdicts for the defendants. The plaintiffs appeal.

Marcella Noble and her five year old daughter, Sherry, arrived at Union Station, Louisville, about 1:45 a. m., October 19, 1948, on an L. & N. train from Cincinnati. The mother hired the defendant's taxicab to take them to their home at 1661 Harold Avenue, Louisville. Mrs. Noble, a young woman, was pregnant at the time and her little daughter, Sherry, was nauseated. Sherry vomited in the defendant's taxicab on their way home, and this became the casus belli of this litigation.

Mrs. Noble avers that the driver of the cab, appellee, James Wood, Sr., ordered her to clean up the vomit, and that she went into her dark house to get a rag for that purpose while Wood detained Sherry just outside the cab. The street was dark, slumbering neighbors were near, Wood was a big man (6 feet 1½ inches, 210 pounds), Sherry was sick, and Mrs. Noble "was not feeling very well and the little girl had heard a lot of stories and bad things happening to women; there was a lot in the paper along about that time and about little children, and it had me pretty well affected because it was on that street where there was no lights."

According to Mrs. Noble she cleaned up the floor of the cab because she was afraid of Wood, who still held Sherry. According to Wood when Sherry got out of the cab "the little tot started to heave again and she vomited against my leg where I was standing by the side of the door and I reached down and touched this little baby on her shoulder, and I said: 'Why, honey, you are not through vomiting yet, are you?'" Wood said Mrs. Noble attempted to clean the cab with kleenex, and that she went into the house to get cash for her fare. Mrs. Noble construed Wood's holding of Sherry to be a detention of the child. On the other hand, Wood, when asked, "When did you have her (Sherry) in your arms—when she was vomiting over there?" answered: "I never had her in my arms. I got more sense than that. * * I touched her with my little finger to keep her from falling over."

The cab was cleaned, the fare was paid, Wood went his way, and Mrs. Noble reentered her home with Sherry and unexpectedly found her husband there asleep. When he awoke she promptly told him her version of the taxi trip including Wood's allegedly directing her to sniff the moist spot on the cab floor to ascertain whether a suggestive whiff remained. A suit soon was filed asking $25,000 damages for false imprisonment of Sherry and the consequences to Mrs. Noble of the fear inspired by Wood's alleged conduct, and at the same time an action was filed in behalf of Sherry to recover for her alleged civil assault, battery and false imprisonment.

Mrs. Noble contends that she did not voluntarily remain in the cab to clean it, or voluntarily get down to smell the floor to ascertain if any odor remained, or voluntarily go into her house to procure rags, or voluntarily leave her daughter in the custody of Wood. However, she testified to no overt act of Wood's which indicated an intention on his part of inflicting any bodily harm upon either her or Sherry; the mere speaking of the words by Wood was not enough to constitute

an assault. Restatement of the Law of Torts, Section 21; 4 Am.Jur., Assault and Battery, Section 12, page 134. And we find no confinement which would constitute a false imprisonment. Restatement of the Law of Torts, Sections 35 and 36. When Wood placed his hand on Sherry his manifest intention was to help the sick child and not to harm her. There was neither the harmful or offensive physical contact with Sherry nor the manifest intention to harm her which are required to constitute a battery. Restatement of the Law of Torts, Sections 13 through 20.

We concur with the view of the trial judge that there was not sufficient evidence of any conduct on the part of Wood to constitute an offense. We conclude that the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiffs, so that such a verdict, if returned, would have to be set aside. As a consequence, the court was correct in directing verdicts for the defendants. Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877.

The judgments are affirmed.