**Mary HOLLON, Administratrix of the Estate of Lester Hollon, Deceased, Appellant,**

v.

**GREYHOUND CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1954.

Henry L. Rudd, Mt. Sterling, J. Douglas Graham, Campton, for appellant.

William Hays, Winchester, R. W. Keenon, Lexington, for appellees.

MILLIKEN, Justice.

Appellant, Mary Hollon, administratrix of the estate of Lester Hollon, deceased, by this action sought to recover from appellees, Greyhound Corporation and Ermine Hardin, for the death of intestate, alleged to have been caused by their negligence. At the conclusion of the evidence the trial court peremptorily instructed the jury to find for appellees, and on the verdict thus returned a judgment was entered dismissing appellant's petition. She appeals, contending that there was sufficient evidence to take the case to the jury.

Lester Hollon, after returning from a visit with relatives in Lexington, left the car in which he had been riding at Winchester, apparently for the purpose of obtaining other means of transportation to

his home in Campton. Later in the evening he met his death on the highway by being struck and killed by defendant's bus.

The driver of the bus testified that after coming around a curve he met a car and was temporarily blinded by its lights; that after he passed the car he observed decedent lying in the road across the center line on the right hand side of the highway; that he was traveling at a speed of 30 to 35 miles an hour when he observed decedent lying in the road some 50 feet ahead; that he instantly applied the brakes, but, upon seeing that he could not stop in time, attempted to straddle the deceased; that the wheels of the bus missed the body, but evidently the radiator grill underneath the bus struck deceased; and that after passing above deceased he brought his bus to a stop as quickly as possible. The injured man was taken to the hospital where he died five days later.

The evidence also shows that deceased, before his death, "took spells, would fall and black out and for maybe two hours would not know anything." No evidence was introduced as to why deceased was lying in the road. However, his father was found on the roadside in an intoxicated condition; he was not used as a witness.

We have searched the record in vain to find evidence to sustain appellant's contention that the trial court erred in not submitting to the jury the issue raised by the pleadings. We have carefully read and reread the entire bill of evidence herein in an effort to ascertain how appellant's intestate met his death and whether or not it resulted from the negligence of either of the appellees. No witness who testified, except the driver of the bus, appears to have been present or close enough to the place where deceased was injured to know anything about how it happened. There is no evidence to show decedent had not been struck by the car which had previously met the bus or the car which was immediately ahead of the bus.

The direction of a verdict for a defendant is not justified unless, after regarding every reasonable inference to be deduced from the testimony, it can be said that there is no evidence to support the cause of action sufficient to sustain a verdict against him. Thomas Jefferson Fire Insurance Co. v. Barker, Ky., 251 S.W.2d 862; Combs v. Peoples Bank, 313 Ky. 120, 230 S.W.2d 475. Where the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiffs, so that such a verdict if returned would have to be set aside, the court is justified in directing a verdict for the defendant. Noble v. Louisville Taxicab & Transfer Co., Ky., 255 S.W.2d 493; Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877.

It is a fundamental rule that one who is seeking to recover for injuries must establish not only injury and negligence, but also that the negligence was the proximate cause of the injury, and that where, under all evidence, injury may as reasonably be attributed to some independent cause for which defendant would not be responsible, a verdict should be directed for the defendant. Daugherty's Adm'r v. Louisville & N. R. Co., 206 Ky. 325, 267 S.W. 151, and cases cited therein. And where there is a complete failure to show that the death of the decedent resulted from the defendant's negligence, a directed verdict is proper. Williams' Adm'r v. Portsmouth By-Product Coke Co., 213 Ky. 96, 280 S.W. 479. This court has held that in order to establish negligence of a carrier there must be not a mere conclusion of witnesses, but evidence showing what appeared to take place as facts which convey to ordinary minds a definite conception of some conduct on the part of the operator of the carrier upon which a reasonable inference and finding of negligence can rest. Southeastern Greyhound Lines, Inc., v. Chumley, 312 Ky. 154, 226 S.W.2d 777. While it is true that negligence may be proved by circumstantial evidence alone, yet it usually cannot be presumed and where evidence of negligence is so unsatisfactory as to require speculation, surmise or guesswork as to how the injury occurred, the case is not

for the jury but for the court, which should hold as a matter of law that defendant is not liable. McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427; Chesapeake & O. Ry. Co. v. Williams' Adm'x, 300 Ky. 850, 190 S.W.2d 549; Illinois Central R. Co. v. Cash's Adm'x, 221 Ky. 655, 299 S.W. 590.

 In view of the fact that there is a complete failure of proof as to whose negligence caused the death of decedent, we are of the opinion that the trial court did not err in directing a verdict for defendants.

Judgment affirmed.