Prebble GREEN, Appellant,

v.

James ROE, Administrator of the Estate
of Patty L. Roe, Deceased, Appellee.

Court of Appeals of Kentucky.

May 27, 1977.

Discretionary Review Denied Oct. 3, 1977.

David O. Welch and Gregory L. Monge,
Caldwell, Vanantwerp, Welch & Hughes,
Ashland, for appellant.

Henry R. Wilhoit, Jr., Grayson, William
R. Redwine, Sandy Hook, for appellee.

Before HOWARD, LESTER and WIL-
HOIT, JJ.

HOWARD, Judge.

Defendant-Appellant appeals from a
judgment of the Elliott Circuit Court
wherein the appellee recovered a judgment
in the amount of $35,000.00 for the death of
Patty L. Roe. The decedent was a daugh-
ter of the defendant-appellant and the wife
of the plaintiff-appellee.

On February 3, 1972, the decedent went
to the home of her parents Mr. and Mrs.
Prebble Green. It was early in the morning
and she talked to her parents while her
mother prepared breakfast. She offered to

help her father wash the dishes but he declined the offer whereupon she went into her parents bedroom without comment.

A short time later a shot and a scream was heard. The father, Prebble Green, went to deceased and he found her lying on the mother's bed wounded in the chest. According to defendant-appellant, the gun was on his wife's bed pointing towards his daughter. However, another witness placed the gun on the floor, pointing away from the decedent. The decedent was taken to Morehead to the hospital but she died shortly after her arrival. During the trip she stated to her sister not to let her die or words to that effect.

The proof in the case revolved around the question as to whether the decedent's death was the result of a suicide or an accident resulting from the negligence of Prebble Green.

As to suicide, there was testimony that the decedent had been very depressed prior to her death because of marital difficulties. There was some proof that she had threatened to take her own life and that on one occasion a brother took a .22 pistol away from her as he was afraid she was going to shoot herself.

On the other hand, the proof for the plaintiff-appellee can be summarized to be that the gun was old and that Prebble kept it behind the bedroom door and that it must have fallen in some fashion striking the floor and wounding the decedent. Prebble denies that he kept the gun loaded and there was some strong corroborating evidence by his wife who stated that she always insisted that the gun be unloaded before being brought into the house. Several witnesses who had borrowed the gun in the past substantiated this.

Plaintiff-appellee introduced some opinion evidence that the shotgun could have gone off since it had a hair trigger. There was no testimony as how the gun actually was discharged or as to why, if the gun had fallen, that the decedent was wounded in the chest instead of the lower extremit˙

Even assuming that this was an accident instead of a suicide, we do not find that the mere fact that Prebble Green kept a loaded shotgun behind his bedroom door was negligence per se.

The fact that this shotgun went off by some means is not negligence either. While there was some testimony that this gun had a hair trigger, there was none to indicate that it had ever gone off in this manner before. A gun, even if loaded, behind a door is not the kind of dangerous instrumentality or condition that would require a specific warning. We are not prepared in this day and time to declare a homeowner negligent as a matter of law in keeping a loaded shotgun in his home for his and his family's protection.

We do not think it is necessary, in this case, to discriminate between evidence of suicide and that of accidental death. There is simply no evidence of negligence. The trial court permitted the case to go to the jury even though the plaintiff's case was based upon guesswork, inferences and speculation. In the case of *Hollon v. Greyhound Corporation*, Ky., 272 S.W.2d 329 (1954) this point was made:

> . . . while it is true that negligence may be proved by circumstantial evidence alone, yet it usually cannot be presumed and where evidence of negligence is so unsatisfactory as to require speculation, surmise or guesswork as to how the injury occurred, the case is not for the jury but for the court, which should hold as a matter of law that defendant is not liable. *Id.* at 330–331.

In this case the plaintiff and all his witnesses stated that they didn't know how the shotgun went off. Therefore, there was no testimony of any probative value to show why Prebble Green would be responsible for his daughter's injury and death. "It is useless to speculate as to how it happened since there must be evidence upon which to make a reasonable inference and base a conclusion." *Darnell v. Beard*, Ky., 296 S.W.2d 743 (1956).

This case is reversed with directions for the trial court to enter a judgment dismiss-

ing the complaint in accordance with the defendant's motion for judgment N.O.V.

All concur.