CASE 81.—ACTION BY NATIONAL BANK OF MIDDLES-
BOROUGH AGAINST R. HOYLAND.—March 15,
1910.

## Hoyland v. Nat. Bank of Middlesborough

Appeal from Bell Circuit Court.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Lost Instruments—Suit on Lost Note—Petition—Allegations
and Proof.—Under Civ. Code Prac. section 7, which provides
that an action may be brought upon a negotiable instrument,
or upon an indorsement thereof, which has been lost or
destroyed without fraud on the part of plaintiff or of those
under whom he claims, but not upon an instrument transfer-
able by delivery without a previous tender by plaintiff to de-
fendant of an indemnifying bond, and that judgment shall
not be given until the bond is given and approved by the
court, it is not sufficient for the complaint to allege that the
note is lost or destroyed but the party suing must both al-
lege and prove lack of fraud on his part, or of those under
whom he claims.

2. Lost Instruments—Suit on Lost Note—Indemnity—Judgment
—"Action on Instrument Transferable by Delivery."—An ac-
tion by the indorsee of a lost note against the payee is
an "action on an instrument transferable by delivery" only,
within Civ. Code Prac. section 7, providing that in an action
on a lost instrument, transferable by delivery only, no judg-
ment shall be given defendant until an indemnity bond has
been given him.

3. Lost Instruments—Suit on Lost Note—Conclusions on Ap-
peal—Indorser.—Under Negotiable Instruments Act, section
63, which provides that a person signing otherwise than
as maker, drawer, or acceptor, is deemed an indorser unless
he clearly indicates his intention to be bound in some other
capacity, where a petition in a suit on a lost note did not

show that defendant indicated, in writing, his intention to be bound in any other capacity, the court on appeal will conclude that he was bound on the note as an indorser.

4. Lost Instruments—Suit on Lost Note—Presentment—Notice of Dishonor—Presumptions on Appeal.—Where in a suit against the indorser of a lost note, no facts were alleged in the petition showing that defendant fell within any of the exceptions to the rule requiring presentment and notice of dishonor, the court on appeal will conclude that he was entitled to presentment and notice of dishonor.

5. Bills and Notes—Demand—Notice of Dishonor—Necessity of Showing.—Though as to the obligor or promisor in ordinary contracts, or the maker of a promissory note or acceptor of a bill of exchange, time seldom becomes a material question in considering their liability, such is not the rule in regard to the drawer of a bill or the indorser of a note. As to them it becomes material to show, not only the demand and notice, but the precise day when made and given, and the allegation and the evidence must show the demand and notice to have been given upon such a day as will charge the defendant.

6 Bills and Notes—Demand on Notice—Petition—Sufficiency.—In a suit against the indorser of a note, an allegation in the petition that presentment was duly made, or that notice of dishonor was duly given, was insufficient to show that the note was presented for payment at maturity and that notice of dishonor was given to defendant.

THOS. D. ARNOLD for appellant.

CHARLES I. DAWSON and HENRITZE & DAWSON for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellee, National Bank of Middlesborough, instituted this action against appellant, R. Hoyland, by filing in the Bell circuit court the following petition:

"The plaintiff, the National Bank of Middlesborough, states that it is a corporation organized under the national banking laws of the United States of America, having its banking house and place of

business in the city of Middlesborough, Bell county, Kentucky; that as such corporation it has the power to contract and be contracted with; to sue and to be sued and is especially engaged in the national banking business, having all the powers and rights given to it by the national banking laws of the United States of America. It states that it was such a bank, and possessing all such powers on the date and at the time hereinafter mentioned. Plaintiff states that the defendant, R. Hoyland, is a resident of Bell county, Kentucky. Plaintiff states that heretofore, to-wit, on the 29th day of November, 1905, George W. Albrecht, receiver of the Middlesborough Pressed Brick Company, executed and delivered to the defendant, R. Hoyland, his promissory note, in writing, by the terms of which he promised and agreed, three months after date, to pay to the order of said R. Hoyland, the sum of $663.25, at the National Bank of Middlesborough. Said note bore interest from date until paid at the rate of 6 per cent per annum. Said note is in words and figures as follows: 'Middlesborough, Ky., Nov. 29, 1905. $663.25. Three months after date, for value received, I promise to pay to the order of R. Hoyland, at the National Bank of Middlesborough, the sum of six hundred and sixty-three dollars and twenty-five cents. This note is given under authority of an order of the Bell circuit court, dated April 18th, 1905, and the assets of the Middlesborough Pressed Brick Company are hereby, pledged for its payment. George W. Albrecht, Receiver of the Middlesborough Pressed Brick Company.' Plaintiff states that on the 19th day of December, 1905, and before the maturity of the said note, the defendant, R. Hoyland, at a rate of interest agreed upon at the time between

him and plaintiff, discounted the said note to this plaintiff, and by his written indorsement on the back of the said note, transferred and assigned the said note to this plaintiff, and the proceeds of the said note was paid over by this plaintiff to the said defendant; that at the time the said note was discounted by this plaintiff, the said plaintiff had no knowledge of any infirmity or defect in the said note, or of the defendant's title thereto, and it says it is now the owner and holder of the said note. Plaintiff states that it is unable to file the said note herewith as part hereof, for the reason that same has been either lost or misplaced, but that it has a copy of same, which will be filed herewith as part hereof, if demanded. Plaintiff states that upon the maturity of the said note, same was duly presented for payment, and payment thereof demanded but refused, and the defendant, R. Hoyland, duly notified of the nonpayment of the same, and payment demanded of him, which has been refused. Plaintiff says that no part of the same has ever been paid, although, as aforesaid, same is long past due and unpaid. Wherefore, plaintiff prays for judgment against the said defendant, R. Hoyland, for the sum of $663.25, with interest thereon from the 1st day of March, 1906, until paid, at the rate of 6 per cent. per annum. It prays for its costs and for all proper relief."

To this petition appellant interposed a demurrer, which was overruled. Having declined to plead further, judgment was entered in favor of appellee. From that judgment this appeal is prosecuted.

Section 7, of the Civil Code of Practice, is as follows: "An ordinary or equitable action may be brought upon a bill of exchange, or a note or other obligation, or upon an indorsement or as-

signment thereof, or upon a judgment the record of which, is lost, destroyed, mutilated, or defaced, without fraud on the part of the plaintiff, or of those under whom he claims. But no action shall be brought upon an instrument transferable by delivery, merely, which is alleged to be lost, destroyed, mutilated, or defaced, without a previous tender by the plaintiff to the defendant, if his name and place of residence be known to the plaintiff, of an indemnifying bond, with good surety; nor shall judgment be given against the defendant, in such action, until such bond is given, with good surety approved by the court."

This action was brought in pursuance of the above section. While we think the petition was sufficient to show that the note in question was either lost or misplaced at the time the suit was filed, it contains no allegation to the effect that the note was lost or misplaced without fraud on the part of plaintiff, or those under whom it claimed. In our opinion, such an allegation is a prerequisite to recovery; in other words, it is not sufficient merely to show that the note is lost or destroyed, but the party suing must both allege and prove that it was lost or destroyed without fraud on his part, or of those under whom he claims. It also appears from the record that no indemnifying bond, with surety approved by the court, was executed to appellant before judgment. This was also error. The very purpose of such a bond is to protect the defendant against a subsequent action upon the same obligation. The Code provides that judgment shall not be given against the defendant until such bond has been given, with good surety approved by the court. Inasmuch as the note upon which this action was brought was indorsed by ap-

pellant, it then became transferable by delivery, merely, and is covered by the provisions of the Code referred to. We do not think, however, that the action should be dismissed because no indemnifying bond was tendered before suit was filed. If payment was demanded of appellant, and was refused for the sole reason that the note was lost or destroyed, he should not be required to pay the cost of the action, but if he denied all liability, or refused to pay for any other reason, the failure to tender the preliminary indemnifying bond would afford no good ground for dismissing the action or for relieving appellee of the payment of the costs. In such a case, the execution of an indemnifying bond before judgment would be sufficient. But it is insisted that we must presume that such bond was executed, as the record is silent upon the subject. There might be some merit in this contention if the bond were required to be executed to the defendant without any action being taken thereon by the court. The Code, however, provides for the execution of such bond, with good surety approved by the court. We, therefore, conclude that it should affirmatively appear from the record that such bond was given and approved by the court.

As there is nothing in the petition going to show that appellant indicated, by writing, his intention to be bound in any other capacity, we conclude that he was bound on the note in question as an indorser. Negotiable Instruments Act (Laws 1904, c. 102), sec. 63. As no facts are alleged in the petition going to show that appellant falls within any of the exceptions to the rule requiring presentment and notice of dishonor, we conclude that he was entitled to presentment and notice of dishonor. That being true, the

question arises: Is the allegation of the petition sufficient upon this point? It will be observed that the allegation of the petition is as follows: "Plaintiff states that upon the maturity of the said note, same was duly presented for payment, and payment thereof demanded but refused, and the defendant, R. Hoyland, duly notified of the nonpayment of the same, and payment demanded of him, which has been refused.". The allegation that upon the maturity of the said note same was duly presented for payment might apply to any other time than the day of the maturity of the note. There is nothing in the petition showing when the notice of dishonor was given to appellant; the allegation, that it was duly given, is simply a conclusion of the pleader. While it is true that, as to the obligor or promisor in ordinary contracts, or the maker of a promissory note, or acceptor of a bill of exchange, time seldom becomes a material question in considering their liability, such is not the rule in regard to the drawer of a bill, or the indorser of a note. In the latter case it becomes material to show, not only the demand and notice, but the precise day when made and given; in other words, the allegation and the evidence must show the demand and notice to have been upon such a day as will charge the defendant. Bliss on Code Pleading, sec. 283. The allegation, that presentment was duly made, or that notice of dishonor was duly given, was not sufficient. We, therefore, conclude that the petition is defective in these particulars.

Being of the opinion that the court erred in overruling appellant's demurrer to the petition, and in giving judgment against him before the indemnifying bond required by section 7 of the Civil Code of

Practice was furnished and approved by the court, the judgment is reversed and cause remanded for proceedings consistent herewith.