### Kimbrough v. Lexington City National Bank.

(Decided October 31, 1912.)

#### Appeal from Harrison Circuit Court.

1. Promissory Note—Action on Lost Note—Pleading.—It is essential that a petition on a lost note should aver that the note was lost without fraud on the part of the plaintiff or those under whom he claims. But, where there was no objection to the petition and on the trial the facts as to the loss of the note were proved without objection, the defect in the petition is cured by the verdict and judgment.

2. Promissory Note—Action on Lost Note—When Bond Should Be Given.—The bond required by section 7 of the Civil Code should be given before the action is brought, where the note is transferable by delivery, merely, but a judgment will not be reversed if the bond was given before judgment.

J. J. OSBORNE for appellant.

M. C. SWINFORD and STOLL & BUSH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Lexington City National Bank bought of J. I. Blanton a note for $300, which P. H. Kimbrough had executed to him. Kimbrough lived in Harrison County and at the maturity of the note the Lexington bank mailed it to the Farmers National Bank at Cynthiana, Kentucky, for collection. In some way the note was lost in the mails, or did not reach the Cynthiana bank. Kim-

brough declined to pay the note and this suit was brought by the Lexington bank upon it, it being alleged in the petition that the note in some way became lost or misplaced; that the plaintiff had been unable to find it and so filed as a part of the petition a copy of it. The copy filed with the petition bears date October 1, 1907, and is payable in four months after date. Kimbrough filed an answer in which he alleged in substance, that the note was without consideration and had been executed to Blanton merely as a memorandum for the purpose of effecting a settlement with the Burley Tobacco Society. He also pleaded that the bank took the note after maturity; that he executed the note on May 7, 1907, and it was payable in four months. The bank, during the progress of the action, executed a bond as provided by section seven of the Code, but did not give the bond before the action was brought. Other pleadings were filed which need not here be noticed and the case came on for trial before a jury; there was a verdict and judgment in favor of the bank. Kimbrough appeals.

The evidence for the bank shows very clearly that it bought the note on October 18, 1907, and when it bought it the note bore date October 1, and was payable in four months. On the other hand, proof for Kimbrough is to the effect that he, in fact, gave the note to Blanton on May 7, 1907. How the date October 1, got upon the note is not shown by the evidence but that it was dated October 1 when the bank took it is well shown. The court instructed the jury, in substance, that they should find for the plaintiff unless the date of the note had been chaneed from May 7, 1907, to October 1, 1907, without the knowledge or consent of Kimbrough and if they so believed they should find for Kimbrough. Complaint is made that the counsel for the plaintiff in arguing the case to the jury said that his theory of the case was that Kimbrough had delivered the note to Blanton, blank as to date and that Blanton had filled in the date on the date line. The defendant objected to the argument and insists that its objection should be sustained. But, it seems to us that this was a proper argument on the facts before the jury because there was no proof that there had been any mutilation of the note or any appearance on its face that the date had been changed and the discrepency of the date could well be explained in this way.

Section 7 of the Code of Practice is as follows:

"An ordinary or equitable action may be brought upon a bill of exchange, or a note or other obligation, or upon an indorsement or assignment thereof, which, or upon a judgment the record of which, is lost, destroyed, mutilated or defaced, without fraud on the part of the plaintiff, or of those under whom he claims. But no action shall be brought upon an instrument transferable by delivery, merely, which is alleged to be lost, destroyed, mutilated or defaced, without a previous tender by the plaintiff to the defendant, if his name and place of residence be known to the plaintiff, of an indemnifying bond, with good surety; nor shall judgment be given against the defendant, in such action, until such bond is given with good surety approved by the court."

The petition did not aver that the note was lost without fraud on the part of the plaintiff or of those under whom the bank claimed. In Hoyland v. National Bank of Middlesboro, 137 Ky., 682, it was held that in a suit on a lost instrument this is a necessary allegation in the petition and it is insisted here that the judgment in favor of the bank should not for this reason be permitted to stand. But, there was no demurrer to the petition; the case was heard on the merits; the proof as to how the note was lost was made without objection; the defect in the petition is cured by the verdict and judgment. (Hill v. Ragland, 114 Ky., 209; Guaranty and Surety Co. v. Commonwealth, 141 Ky., 570.) By section 134 of the Code no judgment shall be reversed for any error or defect in the proceedings which does not affect the substantial rights of the adverse party. To reverse this case for the defect in the petition where the parties have tried it on the merits and treated the petition as good throughout the trial would be to violate both the spirit and purpose of this provision of the Code. In the case of Hoyland v. The Bank, above referred to, the defendant demurred to the petition and his demurrer being overruled he stood upon the demurrer. Here, there was not only no demurrer to the petition, but the proof as to how the note was lost was fully heard and there was no contrary evidence.

A sufficient bond having been given before judgment the circuit court properly refused to dismiss the action because the bond was not executed before the suit was

filed. This was expressly held in the Hoyland case above referred to.

Judgment affirmed.