## Crawford v. Crawford.

(Decided January 24, 1928.)

Appeal from Perry Circuit Court.

1. Bills and Notes.—Promise or agreement to pay must be averred to make petition thereon good, and mere exhibition of writing will not supply omission to allege a promise or agreement to pay, but no particular form of averment is required, and pleading is sufficient if it sets out contract in words, or in other words constituting substance of contract.

2. Pleading.—In suing on writing it may either be set out in haec verba, or party may, at his election, set it out according to its

operation in law or legal effect, though better mode of setting it out is to copy the whole, if it be not too long.

3. Bills and Notes.—Petition alleging that defendant signed, executed, and delivered to plaintiff negotiable promissory note for $1,000, due and payable at bank one year from date, that note was long past due and wholly unpaid, and setting out note in words and figures, held sufficiently to aver promise to pay, and to advise defendant of nature of demand he was called on to defend and to enable court to pronounce judgment.

4. Lost Instruments.—In suit on lost, destroyed, mutilated, or defaced bill of exchange, note, or other obligation, it is essential that facts be averred in substance or effect that loss or injury of written obligation was brought about without fraud on part of plaintiff or those under whom he claims, since by Civil Code of Practice, section 7, an ordinary or equitable action on such an instrument is allowed only on that condition.

5. Lost Instruments.—Under Civil Code of Practice, section 7, demurrer should have been sustained to petition in suit on lost note in which there was no allegation that note was lost without fraud on part of plaintiff, and no facts were alleged from which conclusion could be deduced.

6. Pleading.—In action on note alleged to have been lost, in which petition did not allege that note was lost without fraud on part of plaintiff, or facts from which such conclusion could be deduced, but evidence showed that note was lost without fraud on plaintiff's part, evidence and verdict for plaintiff cured defect in petition and entitled plaintiff to judgment on verdict, under Civil Code of Practice, section 386.

7. Pleading.—Verdict for a party cures his defective pleadings, supplying omitted necessary averments concerning essential facts relied on, provided proof of such facts was necessarily considered before verdict could have been rendered.

WILLIAM LEWIS & SON and D. G. BOLEYN for appellant.

W. A. STANFILL for appellee.

Opinion of the Court by Judge Willis—Reversing.

This litigation is between brothers and involves only questions of pleading and practice.

E. L. Crawford sued L. D. Crawford to recover $1,000, with interest from April 9, 1914, upon a promissory note copied in the petition and alleged to have been lost. A general demurrer to the petition was overruled and an answer filed, which denied that defendant "on April 9, 1914, signed, executed, or delivered to the plaintiff his negotiable promissory note, due or payable at the Perry County State Bank in one year from date, with interest

from date until paid, for the sum of $1,000 or any sum.''
It further denied that said alleged note was long past
due or wholly unpaid, or that said note was in the words
or figures set out in the petition, or that it was lost or
mislaid or could not be found or was not transferable by
delivery merely.

A trial by jury resulted in a verdict for the plaintiff
for $1,000, with interest from April 9, 1914. The de-
fendant did not offer any evidence or cross-examine the
witnesses.

A written motion for a judgment notwithstanding
the verdict was filed by defendant, upon the ground that
the petition did not state facts sufficient to constitute or
support a cause of action. This motion was based upon
section 386 of the Civil Code, which provides:

"Judgment shall be given for the party whom
the pleadings entitle thereto, though there may have
been a verdict against him.''

The lower court sustained the motion and rendered
a judgment dismissing the petition, to reverse which this
appeal has been prosecuted.

The sole question presented is whether the petition,
aided by the subsequent proceedings, is sufficient to sup-
port a judgment on the verdict of the jury.

The motion for judgment notwithstanding the ver-
dict specified four supposed defects in the petition, but
only two of them are now seriously urged. It is strenu-
ously insisted, however, that the petition fails to allege
any promise on the part of defendant to pay, and omits
the necessary allegation that the note was lost without
fraud on the part of plaintiff.

It is a rule of practice long prevailing in this state
that a promise or agreement to pay must be averred to
make a petition thereon good, and the mere exhibition
of the writing will not supply an omission to allege a
promise or agreement to pay. Huffaker v. National
Bank of Monticello, 12 Bush, 287; Bank of Anderson
County v. Foster, 146 Ky. 179, 142 S. W. 225. But no
particular form of averment is required. A pleading is
sufficient if it sets out the contract in its words, or in
other words constituting the substance of the contract.

"In suing upon a writing it may either be set
out in hæc verba, or the party may, at his election,
set it out according to its operation in law or legal

effect. The better mode of setting it out is to copy the whole, it it be not too long. If, however, it be long, such portions of it as are material to the controversy, and especially the promise or stipulation sued on might properly be set out in hæc verba. But it is not necessary to do more than state the contract or promise according to its legal effect." 1 Newman's Pleading and Practice (3d Ed.) p. 408, sec. 310; Quigley v. Arteburn, 32 S. W. 165, 17 Ky. Law Rep. 565.

The petition in this case alleged that the defendant, L. D Crawford, signed, executed, and delivered to the plaintiff, E. L. Crawford, this negotiable promissory note for the sum of $1,000, due and payable at the Perry County State Bank one year from date, with interest from date; that said note was long past due and wholly unpaid and was in words and figures as follows:

"Hazard, Ky., April 9, 1914.

"One year after date I promise to pay to E. L. Crawford the sum of $1,000.00, due and payable one year from date. Negotiable and payable at the Perry County State Bank, for value received."

In our opinion the petition sufficiently set forth the terms of the obligation to advise the defendant of the nature of the demand he was called upon to defend and to enable the court to pronounce judgment.

In a suit upon a lost, destroyed, mutilated, or defaced bill of exchange, note or other obligation, it is essential that facts be averred in substance or effect that the loss or injury of the written obligation was brought about without fraud on the part of the plaintiff or those under whom he claims. By section 7 of the Civil Code an ordinary or equitable action upon such an instrument is allowed only upon that condition. Hoyland v. National Bank of Middlesborough, 137 Ky. 682, 126 S. W. 356.

There is no allegation in the petition here involved that the note upon which the action was based was lost without fraud upon the part of plaintiff, and no facts are averred from which such conclusion may be deduced. It is clear, therefore, that the demurrer to the petition should have been sustained. But it does not follow that the judgment non obstante veredicto can be upheld.

The proof adduced at the trial showed that the plaintiff loaned the defendant $1,000 on April 9, 1914, and took his note for it, which was left at the bank where it was given and made payable and was lost or misplaced without any fraud on the part of plaintiff. It was lost by the president of the bank in whose custody it was left, and there is no intimation of any fault on the part of plaintiff. Indeed, he left the note with the banker for safe-keeping to prevent the very misfortune that befell.

While this proof was admitted over the objection of defendant's counsel, he declined, when asked by the court, to disclose the grounds of his objection. If counsel had disclosed to the court, when called upon to do so, the basis of his objection, the error could have been readily obviated and injustice avoided.

Under such circumstances, we are of opinion that the evidence and verdict cured the defect in the petition and entitled the plaintiff to a judgment upon the verdict of the jury. Kimbrough v. Lexington City National Bank, 150 Ky. 336, 150 S. W. 325.

In the case of Hill v. Ragland, 114 Ky. 209, 70 S. W. 634, the true rule of practice is thus delineated:

"The practice obtaining in ordering a judgment for the party entitled thereto upon the pleadings has had, first and last, frequent attention by this court. The rule as laid down by Chitty, viz.: 'When the verdict can be fairly considered as establishing between the parties the very fact which should have been, but is not, precisely averred in the declaration, and especially when it clearly appears that the particular fact was understood by the parties to be the point in issue to be decided by the jury, it would be unnecessary for the ends of justice, and would be more than useless, to remand the case, that it should again be presented for the consideration of the jury,' has been approved and applied in terms by this court in numerous cases. Riggs v. Maltby, 2 Metc. 90; Mast v. Lehman, 100 Ky. 466, 38 S. W. 1056;" and many other cases cited.

Again, in the same opinion, it is said:

"It seems that there has been a misconception of the office of this motion and practice. It has been thought that it was one way and that a most effective one, to use a demurrer upon a bad pleading. But

this is not so.  Where the parties have attempted to join an issue to be tried, and which has been tried, however defective in form the pleadings may be, a verdict for the one or the other will be held to cure such defective pleading, that is, will cure them as to their forms, supplying all omitted necessary averments concerning essential facts relied on, provided the proof or admission of such facts were necessarily considered before the verdict could have been rendered.  Then, if such facts, when considered as if properly pleaded as to form, do not entitle the party obtaining the verdict to that relief in law, the judgment will be for his adversary.''  L. & N. R. Co. v. Mengel Co., 220 Ky. 289, 295 S. W. 183.

In the state of this record the lower court erred in refusing to render judgment for the plaintiff in conformity to the verdict of the jury.  Civil Code, sec 386.

The judgment is reversed, and the cause remanded to the Perry circuit court, with directions to enter judgment for the plaintiff on the verdict of the jury.

Judgment reversed.