## Federal Life Insurance Co. v. Secan.

(Decided June 23, 1933.)

JAMES SAMPSON and WILLIAM SAMPSON for appellant.

G. G. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

H. M. Hansen & Co. is a foreign corporation. Dora B. Secan resides in Harlan county, Ky. She charged in her petition in this action that she purchased of the Black Mountain Maytag Company a washing machine

at the price of $176, $25 cash, $150 payable in install-ments of $12.50 per month; that at the time she pur-chased the machine from it, it was acting as agent for H. M. Hansen & Co., and delivered to her a printed statement insuring her against sickness during the period of monthly payments, conditioned that, if she became sick and unable to carry on her usual occupa-tion, H. M. Hansen & Co. would pay the $12.50 per month until the machine was paid for, or until she re-covered her health; that she became totally disabled, and fell behind with her payments, and that the Black Mountain Maytag Company instituted an action in the Harlan quarterly court, in which the machine was at-tached, and sold under a judgment of the court, and that by reason thereof she was deprived of the benefits of the machine, to her damage in the sum of $50; that she paid $30 in attending court and getting her wit-nesses for the trial. She sought to recover the $60.25 she had paid on the machine, and $90, the amount of the unpaid installments. Her damages comprising these items were fixed at $280.25.

The instrument denominated in her pleading as a policy of insurance is titled, "Maytag Protection No. 23255." It bears no date and it is unsigned. By an amended pleading she attempted to set out the terms and provisions of this instrument. The H. M. Hansen Company entered various motions and a general de-murrer, and filed an answer to the petition as amended. The case proceded to trial before a jury, and, after a statement of the case by the plaintiff, the court on its own motion set aside the swearing of the jury and dis-charged it, and sustained a demurrer to the petition as amended, with leave to amend. She tendered an amend-ed petition making the Federal Life Insurance Company of Illinois a defendant, and, by the order filing it, the court directed a summons to issue for it. The petition with amendments were dismissed as to H. M. Hansen & Co. In the amendment making the Federal Life In-surance Company a defendant, she expressly reiterated the allegations of the petition and amended petition against H. M. Hansen & Co., and made the insurance company a party to the amendment. She alleged she purchased the policy from the Federal Life Insurance Company as agent and broker, and charged that by mis-take or oversight she had alleged in her original peti-

tion and amendments that H. M. Hansen & Company had issued and delivered to her a policy, when in fact it was issued and delivered by the Federal Life Insurance Company. She asked that it be made a defendant, and "prayed as in her original pleadings." A summons against the Federal Life Insurance Company of Illinois was served on the insurance commissioner of the state of Kentucky. The Federal Life Insurance Company filed a demurrer to the jurisdiction of the court, which was overruled. It entered a motion to require Secan to make her petition as amended conform to the so-called policy of insurance; "without waiving this motion, filed a demurrer to the petition as amended." The action was submitted on this motion and demurrer, which were overruled by the court. Exceptions were saved. The Federal Life Insurance Company declined to plead further, and a judgment was entered against it for $280.85, from which it appeals.

The exhibit contains no provision covering the items of damages set out in the petition and amendments thereto, as filed against H. M. Hansen & Co. In this respect it contradicts the allegations of the petition. The amended petition against the insurance company does not set out hæc verba, nor the terms of, the exhibit. Crawford v. Crawford, 222 Ky. 708, 2 S. W. (2d) 401.

No more should be required of us than a mere statement of the case. It is apparent that the pleadings stated no cause of action, and that the paper denominated as a policy of insurance is not a policy of the Federal Life Insurance Company. The instrument which is the foundation of the action does not mention Dora Secan or the Federal Life Insurance Company, nor does it purport to have been signed by it and delivered to her. If she may sue thereon, so may any and all others who might have purchased a Maytag machine. The amended petition filed as against it reiterates the allegations of the petition and amended petition against H. M. Hansen & Co., and merely avers that the name of H. M. Hansen & Co. was named in the original and amended petition by mistake or oversight, without stating or attempting to state, a cause of action against the Federal Life Insurance Company. The court erred in overruling the motion and general demurrer and rendering judgment against the Federal Life Insurance Company.

Motion for an appeal is sustained, the appeal is

granted, and the judgment reversed, with directions to dismiss the petition as amended.