## Slusher v. Hubble.

(Decided May 29, 1934.)

596

LOW & BRYANT and J. J. TYE for appellant.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The sole question in this case is the right of Daphane Slusher to a judgment non obstante veredicto. Her right must be determined by section 386 of the Civil Code of Practice and its construction as has often been given by this court, on the pleadings and evidence adduced to support Hubble's cause of action as it is alleged in the petition. The motion for a judgment notwithstanding the verdict is appropriate only when a judgment in accordance with the latter is not warranted by the pleadings.

For his cause of action Hubble charged that in October, 1932, "as a guest riding in the automobile of the defendant, then being driven by J. H. Slusher through consent of defendant, the owner, through the gross, reckless, negligent and careless conduct of the driver of the car, same was run off the highway into a deep ditch and against a high embankment, thereby throwing plaintiff against certain metals and hard substances inside of said car and greatly injured him." He fixed his damage at $2,000. The defenses were a denial and a plea of contributory negligence. The plea of contributory negligence was traversed by a reply. This completed the issues.

On a trial before a jury a verdict was returned for Hubble of $1,000.

Daphane Slusher entered a motion for a judgment according to the pleadings notwithstanding the verdict of the jury. Her motion was overruled and a judgment entered in accordance with the verdict. A motion and grounds for a new trial were seasonably filed. A new trial was refused; hence this appeal.

The pleadings and the evidence are before us.

To sustain his cause of action, Hubble testified in his own behalf and supplemented his testimony with that of Sam T. Jackson, Dr. F. R. Burton, and Ben Shorter.

On the night Hubble sustained his claimed injuries, a political speaking was to be held at Barbourville, beginning at 7 o'clock p. m. Daphane Slusher and Hubble lived at Flat Lick, some distance from Barbourville. Their residences were a short distance apart; the exact distance is not shown by the evidence. Sam T. Jackson was a brother of Daphane Slusher. Jackson was in the automobile at the time Hubble claims he sustained his injury. As to the ownership of the car in which he was riding, its procurement from Daphane Slusher, the way and manner of its operation and who was operating it at the time Hubble was injured, the fact it was being operated by J. H. Slusher, and the time and place of the invitation to Hubble to enter and occupy a seat in the car, Sam T. Jackson was asked and answered as follows:

"Q. Where had you got in that car? A. I had got in at my sister's house in Flat Lick.

"Q. How did you happen to have that car? A. I wanted to come to Barbourville that evening, or that night, and my car was knocked out, so I happened to walk up to my sister's, and something was said about going to Barbourville, and I told them I would like to come down, myself.

"Q. Do you know J. H. Slusher, the young man, who was driving the car at that time? A. Yes sir.

"Q. How did he happen to be in the car, driving it, if you know? A. Well, he asked his sister if he could drive the car down to Barbourville.

"Q. And, what did she say? A. She said 'alright.'

"Q. What is his age? A. About 17, I think.

"Q. Did the plaintiff, here, have anything to do with the operation of the car? A. No, he and Babe Slusher were riding in the rear; Jack and myself were riding in the front seat.

"Q. About how fast would you think that it was being driven up to the place and where the accident occurred? A. Well, from 40 to 45 miles."

The witness then proceeded to detail elaborately how the accident happened in which Hubble was injured. At the time of the conversation which Jackson narrates, Daphane Slusher lived with her mother and J. H. Slusher, her brother, the driver of the car in which Hubble was riding at the time he sustained his injury, also resided at the home of his mother.

Hubble was not present at the time the conversation occurred between Daphane Slusher and J. H. Slusher. After it was concluded, Jackson, Babe Slusher, and J. H. Slusher entered the car, J. H. Slusher operating it, they went in it about 100 feet to the home of Hubble, where he was invited to accompany the occupants of the car to the political speaking at Barbourville, which he did, and while making the trip, he claims he sustained the injuries for which he sues Daphane Slusher, the owner of the car, who was not present at the time he sustained them.

An automobile is not a "dangerous instrumentality" within the rule imposing liability on the owner to

an invitee or a licensee of a borrower. Hubble, in neither his petition, nor by the evidence, produced to sustain its allegations, sets forth facts showing the relations of J. H. Slusher and Daphane Slusher. He alleged Daphane Slusher was the owner of the car and J. H. Slusher, *with her consent,* was operating it at the time he sustained his injuries. The evidence in this respect is no stronger than the language of the petition. No fact is alleged or proven to show, or as tending to show, the relation of master and servant, principal and agent, or bringing the case within the family doctrine as it is generally recognized and applied. Stowe v. Morris et al., 147 Ky. 386, 144 S. W. 52, 39 L. R. A. (N. S.) 224; Rauckhorst v. Kraut, 216 Ky. 323, 287 S. W. 895; Bradley v. Schmidt, 223 Ky. 784, 4 S. W. (2d) 703, 57 A. L. R. 1100; Brady v. B. & B. Ice Co., 242 Ky. 138, 45 S. W. (2d) 1051, 1052; Corbin Fruit Co. v. Decker, 252 Ky. 766, 68 S. W. (2d) 434.

In Brady v. B. & B. Ice Co., we said:

" 'Something more than ownership of a motor vehicle is required to establish agency, or the relation of master and servant, between the owner and the borrower or hirer negligently operating it.' Since the automobile has come into common use, much has been written on the question of the liability of an owner who intrusts his automobile to another, and there is some diversity of opinion, but there is practical agreement of authority as to the general rule that aside from the doctrine of respondeat superior, ordinarily a person who owns or controls a motor vehicle is not liable for the negligence of one whom he permits to use it. Keck's Adm'r v. Louisville Gas & Electric Co., 179 Ky. 314, 200 S. W. 452, L. R. A. 1918C, 654; Tyler v. Stephan's Adm'x, 163 Ky. 770, 174 S. W. 790; Doss v. Monticello Elec. L. & P. Co., 193 Ky. 499, 236 S. W. 1046. See, also, list of cases from 20 states in 36 A. L. R. page 1138."

In Corbin Fruit Co. v. Decker, 252 Ky. 766, 68 S. W. (2d) 434, 437, it is written:

"One is responsible for another's acts only when the relation of principal and agent, or master and servant, exists. Bickel Coal Co. v. Louisville Tire Co., 228 Ky. 239, 14 S. W. [2d] 775. The liability for the servant's act rests upon the doctrine of

agency. Bray-Robinson Clothing Co. v. Higgins, 210 Ky. 432, 276 S. W. 129; American Savings Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S. W. [2d] 115. The doctrine of the master's liability for the acts of the servant applies only where the master-servant relationship existed at the time and in respect to the thing causing the injury, and the master had the right of control. American Savings Life Ins. Co. v. Riplinger, supra. The master is never responsible for the acts of the servant unless the act is done in execution of the master's authority, express or implied. Reynolds' Adm'r v. Black Mt. Corp., 240 Ky. 673, 42 S. W. [2d] 916.''

In Rauckhorst v. Kraut, the principle is stated that for a head of a family to be responsible for the negligence of a member of a family in the operation of an automobile, under the family purpose doctrine, operated at the time of the accident, it must be operated within the scope of the family purpose.

In Beard v. Klusmeier, 158 Ky. 133, 164 S. W. 319, 50 L. R. A. (N. S.) 1100, Ann. Cas. 1915D, 342, the measure of the duty of the owner of an automobile to his own invitee or a licensee was first stated by this court. The rule therein laid down is, where the owner of an automobile invites another to ride with him, the duty of the owner to his guest is to use ordinary care, not to increase the danger of the guest or to create any new danger. To the same effect, see Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363, and R. B. Tyler Co. v. Kirby's Adm'r, 219 Ky. 389, 293 S. W. 155.

In C. J. 39, sec. 1502, p. 1304, it is said:

"It is very generally held that a servant has no implied authority to invite or permit a third person to ride on a horse or vehicle in his charge and if, in so doing, the invitee sustains injuries, through the negligence of the servant, the master will not be liable, as the servant is not acting within the scope of his authority * * *; in these circumstances the master owes no duty to the invitee who is a trespasser, except to see that he is not willfully or wantonly injured.''

This principle was recognized and applied by this court in Armstrong's Adm'r v. Sumne & Ratterman Co., 211 Ky. 750, 278 S. W. 111; Williams' Adm'r v. Portsmouth

By-Products Coke Co., 213 Ky. 96, 280 S. W. 479; Ashland Coca-Cola Bottling Co. v. Ellison, 252 Ky. 172, 66 S. W. (2d) 52; Wigginton Studio v. Reuter's Adm'r, 254 Ky. 128, — S. W. (2d) — , decided May 1st, 1934.

Viewing the allegations of the petition and the evidence in behalf of. Hubble in the light of these principles, it is plain no cause of action is stated in the petition and none is established by the evidence produced to sustain its allegations.

No demurrer was filed to the petition and no motion for a directed verdict was entered by Daphane Slusher. The denial contained in the answer is made in the language of the petition. No affirmative allegation therein overcomes the failure of the petition to set forth facts sufficient to constitute a cause of action. In the circumstances it is not doubtful that she was entitled to a judgment notwithstanding the verdict. When the petition fails to state facts sufficient to constitute a cause of action, unless the defect is cured by an answer, the defendant, on a motion, is entitled to a judgment notwithstanding the verdict. Hill v. Ragland, 114 Ky. 209, 70 S. W. 634, 24 Ky. Law Rep. 1053; Riggs v. Maltby, 2 Metc. 90; Mast v. Lehman, 100 Ky. 466, 38 S. W. 1056, 18 Ky. Law Rep. 949.

The doctrine of the Code is that verdicts and judgments which have been rendered upon substantial issues of fact fairly presented by the pleadings which may be bad on demurrer, but cured by an answer denying the existence of the facts, as if they are alleged in the petition (Louisville & N. R. R. Co. v. Lawson, 88 Ky. 497, 11 S. W. 511, 11 Ky. Law Rep. 38), but if it fails to allege facts essential to make out a cause of action and not cured by an answer, the verdict of the jury will not cure the petition. As to defects which may be cured by a verdict, the rule is:

> "Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict."

Drake v. Semonin & Dixon, 82 Ky. 291; Kimbrough v. Lexington Nat. Bank, 150 Ky. 336, 150 S. W. 325; Crawford v. Crawford, 222 Ky. 708, 2 S. W. (2d) 401.

In the state of the record, the circuit court erred in overruling the motion for judgment notwithstanding the verdict of the jury.

Wherefore, the judgment is reversed, with directions to enter a judgment for Daphane Slusher in conformity with this opinion.