## Koch's Adm'r v. Koch Bros., Inc.

(Decided June 21, 1938.)

ROBERT E. HOGAN and LUTHER M. ROBERTS for appellant.

DAVIS, BOEHL, VISER & MARCUS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Edward C. Langan, administrator of the estate of Lucille Koch, deceased, instituted this action in the Jefferson circuit court against Koch Brothers, Incorporated, to recover damages for his intestate's death, alleged to have been caused by the negligent operation of the defendant's truck in which she was riding when she received the fatal injuries. At the conclusion of all the evidence, the defendant's motion for a directed verdict in its favor was sustained, and the plaintiff appeals.

The deceased, Lucille Koch, an infant five years of age, was killed December 23, 1935, while riding in a truck owned by the appellee, and which was being operated at the time by Paul Snellen, one of its employees. The appellee corporation is engaged in the coal and construction business, and all of its stock, consisting of 1,000 shares, is owned by Clarence Koch, his brother, Clifford Koch, and their wives. Clarence Koch owns three shares, Clifford Koch three shares, Anna Koch, wife of Clarence Koch, 497 shares and May Koch, wife of Clifford Koch, 497 shares. Clarence Koch is president, and Clifford Koch vice-president of the corporation. The deceased, Lucille Koch, was the daughter of Mr. and Mrs. Clarence Koch. On the afternoon of December 23, 1935, Clarence Koch instructed Paul Snellen, a truck driver employed by the corporation, to drive a truck to the Louisville Supply Company and bring back a steel section of a boom for a digger. He also instructed him to drive to the home of Mrs. Cox, mother of Mrs. Clifford Koch, and get two turkeys which were to be delivered one to each of the Koch families. The deceased, Lucille Koch, her sister,

Mildred, who was then ten years of age, and Louis Koch, son of Mr. and Mrs. Clifford Koch, were in the office of the corporation and knew of Snellen's contemplated trip. They asked permission to accompany him, and Clarence Koch gave them permission to ride in the truck. Snellen did not know where Mrs. Cox lived, but Clarence Koch told him it would not be necessary to write the address for him since the children were going along and they knew where she lived. On the return trip, the truck ran off the road, and crashed into a telephone pole on the left side of the road in the direction in which it was traveling. Lucille Koch received injuries which caused her death, and her cousin, Louis Koch, was seriously injured. It appears that Edward C. Langan, as guardian of Louis Koch, has also sued the corporation, all of the capital stock of which is owned by the children's parents. This strange situation is explained by the fact that the corporation carried liability insurance. The case also presents the anomalous situation of a plaintiff complaining because of the introduction of evidence that the defendant was insured. The action is predicated on the theory that Clarence Koch had authority to bind the corporation by permitting his daughter to ride on the truck, and that the corporation therefore is liable for her death caused by the negligence of its employee. The deceased was not on the truck in furtherance of any corporate business. She was, at most, merely a licensee. Appellant argues that the deceased went with the driver of the truck to direct him to the home of Mrs. Cox, where he was to get the turkeys, and, since the corporation was wholly owned by Clarence and Clifford Koch and their wives, and the turkeys were to be eaten by the Koch families, the trip to the home of Mrs. Cox was on business of the corporation. The evidence fails to show that the deceased or the other children went along with the driver of the truck for the purpose claimed, but, even if it be conceded that it does, we are unable to approve the unusual, though ingenious, argument of appellant. It is a well-established principle that the master is not liable for the acts of his servant which are not done in furtherance of the master's business and within the apparent scope of the servant's authority. The agent, servant, or employee of the owner of an automobile has no implied authority to invite children to ride in it. Slusher v. Hubble, 254 Ky. 595, 72 S. W. (2d) 39; Williams'

Adm'r v. Portsmouth By-Product Coke Company, 213 Ky. 96, 280 S. W. 479; Armstrong's Adm'r v. Sumne & Ratterman Company, 211 Ky. 750, 278 S. W. 111; Zampella v. Fitzhenry, 97 N. J. L. 517, 117 A. 711, 24 A. L. R. 666; 39 C. J. Section 1502, page 304. The rule applies to an officer of a corporation. The present case cannot be distinguished on its facts from Wigginton Studio, Incorporated, v. Reuter's Adm'r, 254 Ky. 128, 71 S. W. (2d) 14, wherein the court said (page 16):

"But it is argued for appellee that Miss Adams was not a mere servant or employee of the corporation and that by virtue of her authority as vice president and being in charge of the corporation's business, her acts were binding on the corporation and, therefore, Mrs. Reuter, the deceased, was an invitee of the corporation. To this contention we cannot agree. An officer of a corporation, when rendering services for the corporation, is an employee or servant of the corporation and the fact that he is an officer or a stockholder gives him no more authority to bind the corporation than any other employee has to render his principal liable for his acts."

It is argued, however, that the act of Clarence Koch in permitting the deceased to ride on the truck was ratified by the stockholders of the corporation. In the first place, there is no proof of ratification by the stockholders, but even if it be conceded that such ratification was shown and that such an unauthorized act of an agent of a corporation could be ratified so that the corporation would be bound, yet the ratification would be ineffective where the interest of a third person would be adversely affected. Catlettsburg & Buchannan Telephone Company v. Bond, 262 Ky. 106, 89 S. W. (2d) 859; Elk Valley Coal Company v. Thompson, 150 Ky. 614, 150 S. W. 817. Here the interests of appellant's insurance carrier, which defended the action, were involved, as it would be liable for any judgment obtained against the insured corporation. Metropolitan Casualty Insurance Company v. Albritton, 214 Ky. 16, 282 S. W. 187. Under these circumstances, proof that the interests of the insurance company would be affected by an attempted ratification by the stockholders of the unauthorized act of an officer or agent of the corporation was competent.

The court properly sustained appellee's motion for a peremptory instruction, and the judgment is affirmed.