## First Nat. Bank of Pikeville v. Varney.

Oct. 13, 1939.

O. T. Hinton for appellant.

J. C. Cantrell for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On February 6, 1933, appellant, claiming to be a holder in due course, sued appellee on the contract created by her indorsement of four promissory notes dated October 3, 1924, executed by Ferd H. Varney and payable to the order of W. P. T. Varney, in one, three, five and seven years after date, respectively. Three defenses were interposed, namely, the five year Statute of Limitation, appellee's discharge in bankruptcy, and the

failure of the holder of the notes at their maturity to give or cause to be given notice of their dishonor. The first two of the notes are eliminated from the controversy by the admission of appellant's counsel that they were in fact barred by the five year Statute of Limitation, Kentucky Statutes, Section 2515, at the time of the institution of the suit, and our conclusion with respect to the remaining notes renders it unnecessary to consider either the plea of limitation or the alleged discharge in bankruptcy.

All of the notes show that they were executed at Williamson, West Virginia, and were payable at The Day and Night Bank in that city. On the back appears appellee's indorsement as well as the indorsements of Pricy A. Varney and the payee, W. P. T. Varney, and on the face of the third note appears the following:

> "Protested for non-payment October 3, 1929,
> "E. D. Strohecker
> "Notary Public
> "Charges, $1.72."

A similar indorsement appears on the face of the fourth note, except that the date shown is October 3, 1931, instead of October 3, 1929. The plaintiff alleges with respect to each of the notes in question that on the date of its maturity "it caused said note to be duly protested by E. D. Strohecker, a notary public of Williamson, West Virginia, at a cost of $1.72, no part of which has been paid." We are of the opinion that this is not a sufficient allegation that notice of dishonor had been given. Hoyland v. National Bank, 137 Ky. 682, 126 S. W. 356. However, assuming it to have been sufficient, the burden of establishing its truth, since the allegation was traversed, was upon the appellant. Williams et al. v. Miller, 258 Ky. 210, 79 S. W. (2d) 707. No proof was taken by either party, and hence, unless the statement of the notary on the face of the notes that they had been protested raised a presumption that notice of dishonor had been given and shifted the burden to appellee, the Trial Court had no alternative but to dismiss the petition.

We cannot agree with the contention of the appellant that the notary's statement on the face of the notes constituted evidence that notice of dishonor had been given. It is true that Section 479, Kentucky Statutes, provides:

"The protest of a notary public, under his seal, of the non-acceptance or non-payment of a bill, shall be prima facie evidence of its dishonor."

And that Section 3722 relating to notaries provides:

"All instruments of writing to which, by law, the signature or seal of a notary is required and is placed, shall be received as evidence without any other or further authentication."

It is also true that Section 3723 provides that *a copy* of a notary's protest (referring to a copy from the book in which he is required to record the protests made by him) when certified by him under his notarial seal, shall be prima facie evidence in any court of this state. But, passing the objection that no seal appears to have been affixed to the notary's statement and that no copy of the protest was attached or exhibited, and assuming that the notary's statement that the notes had been protested was prima facie evidence of that fact, it would still be insufficient to create a presumption that notice of dishonor had been given appellee, for the notes might have been protested without notice of their dishonor having been given the indorsers. In the case of Trabue v. Sayre, 1 Bush 129, which involved a bill of exchange, this court said: "A regular protest, under the notarial seal, made at the proper place and time, being in evidence, the only issue of consequence is as to due notice." The Court then held that evidence by the notary and others as to the custom followed by the notary in giving notice following a protest was competent, notwithstanding the fact that the notary had no independent recollection of the transaction, and that the copy of the notice of the protest under seal, *together with the evidence referred to,* was sufficient to uphold a finding that notice had been given.

Appellant's counsel cites as an authority upholding his contention the case of Moreland's Adm'r v. Citizens' Nat. Bank, 114 Ky. 577, 71 S. W. 520, 24 Ky. Law Rep. 1354, 61 L. R. A. 900, 102 Am. St. Rep. 293. However, we find nothing in this case which militates against the views herein expressed.

Judgment affirmed.