## Zumwalt et al. v. Harper et al.
## Zumwalt v. Harper et al.

March 15, 1949.

John C. Bondurant and C. K. Davis for appellant.

Flavious B. Martin and J. D. Via for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

### Statement of the Case.

This litigation arises out of an automobile accident which occurred on August 16, 1946, at about 1:00 o'clock p. m. on highway 51 about three miles north of Clinton in Hickman County, Ky. Appellants Paul Zumwalt and his wife Bertha Zumwalt with their daughter and a girl

friend of their daughter were en route from New Orleans to their home in East St. Louis, Ill., when the collision out of which these suits arose occurred. One suit was by appellants Bertha Zumwalt and the General Casualty Insurance Company of Wisconsin against appellees Ed Harper and Nolen C. Holmes for $5000 damages including special damages. Appellant General Casualty Company of Wisconsin joined in as plaintiff in this suit alleging that it had a subrogation interest in the claim of plaintiff Bertha Zumwalt for damages by way of medical expenses. The other suit was by appellant Paul Zumwalt alone against appellees Ed Harper and Nolen C. Holmes for $10,000 damages, including special damages. In both suits it was alleged that the damage sustained by appellants resulted from the negligence of appellee Nolen C. Holmes in the operation of the car being driven and operated by him, which car belonged to appellee Ed Harper, it being further alleged that said Holmes was the agent, servant and employee of said Harper and was acting in the scope of his employment as such at the time of the accident. Separate answers were filed by appellees denying the allegations of the petition, pleading contributory negligence on the part of appellants and denying that in the operation of the car at the time and place of the accident appellee Holmes was acting as agent, servant or employee of appellee Harper. With the issues thus made up the case went to trial before a jury and at the conclusion of all the testimony a motion for a premptory instruction in both suits was sustained as to appellee Ed Harper, but refused as to appellee Nolen C. Holmes. When this was done appellants dismissed both suits without prejudice as to said Holmes and, therefore, no verdict was rendered by the jury. Motion and grounds for a new trial were filed and this appeal is from the order denying a new trial.

## Grounds for Appeal.

In their brief appellants ask for reversal on three grounds: (1) The court erred in sustaining Ed Harper's motion for a peremptory instruction in his favor. (2) the court erred in ordering both cases tried at the same term by the same jury; (3) the court erred in permitting appellees to ask certain questions of appellant Paul Zumwalt and permitting said appellant to answer them.

If the lower court was correct in directing a verdict in favor of appellee Ed Harper, it will not be necessary to consider the other grounds advanced for reversal.

The uncontradicted testimony is that the automobile, to which was attached a farm trailer, that appellants allege caused the accident was owned by appellee Ed Harper and was being driven at the time of the accident by appellee Nolen C. Holmes, a tenant on the farm of Harper and also his employee. On the day this accident happened Holmes had been directed by Harper to haul five hundred pounds of potatoes to the home of Elvis Evans who lived several miles east of Clinton. He was instructed that on his return trip he was to stop at the Benedict blacksmith shop in or near Clinton and pick up four wagon wheels at that place belonging to Harper. In carrying out these instructions Holmes took the potatoes to the home of Evans. As he was about to leave the Evans home, Mrs. Elvis Evans requested of Holmes that she and her son Earl be permitted to ride with him to the home of a friend, Mildred Young, who lived on highway 51 about one mile north of appellee Harper. Holmes, without knowledge or consent of Harper, agreed to do this and in order to do so, drove past the home of Harper and on to the home of Mrs. Young about one mile further north on highway 51. It was while he was discharging his accommodation passengers at the latter place, or shortly after he had discharged them, and was preparing to return to Harpers that the collision between the Harper car and appellants' car occurred.

The only question then is, was Holmes acting as the employee of Harper at the time of the unfortunate accident or was he engaged in an independent undertaking of his own for which his employer is not responsible? We think, under the proof in this case, there can be but one answer to this question. His mission for his employer would have been completed by his delivery of the potatoes and the return to the Harper home with the wagon wheels. Had he turned in at the Harper home the accident would not have happened. When he drove past the Harper home and drove a mile further north to accommodate a third party, without the knowledge or consent of his employer, clearly he was engaged in a voluntary enterprise of his own for which his employer was

not liable. We cannot agree with appellants' contention that because Holmes was delivering the potatoes to the home of Mr. Evans, a customer of Mr. Harper, that he was furthering his master's business by permitting Mrs. Evans to ride back with him and that he had the implied authority of his principal to carry her beyond his own home to her destination a mile further beyond. Appellant contends that if Harper had been present he would have instructed Holmes to have continued the drive to Mrs. Evans' destination. This is pure speculation and we have no right to assume its truth since there is no proof to sustain it. It is true that Holmes was performin a neighborly act for Mrs. Evans but it cannot be made the basis of a legal action against his employer who did not authorize it.

Appellants contend that the question of whether appellee Holmes was acting within the scope of his employment in this case was a question of fact for the jury to decide and for that reason the court erred in giving peremptory instruction dismissing appellee Harper from liability. They cite and rely on such cases as Crump v. Sabath, 261 Ky. 652, 88 S.W.2d 665, Hayes v. Berea College, 281 Ky. 492, 136 S.W.2d 563, Hauck v. Lillick 263 Ky. 326, 92 S.W.2d 329. None of these cases are applicable here. These were cases in which the existence of the relation of principal and agent was one of the questions in issue and clearly in such cases the issue of fact as to the existence of the relationship becomes one for the jury. In the present case there is no dispute of the fact that Holmes was the servant or agent of Harper. The only question here is, did he go beyond that agency and engage in an independent undertaking? Since there was no proof tending in any way to show that this independent undertaking was authorized, condoned or approved by the principal, it becomes a question of law and is not a question to be submitted to the jury.

Applicable to the facts in this case are such cases as Clark's Ex'x v. Weir, 252 Ky. 560, 67 S.W.2d 962, 964, holding that "Where a servant is not doing the work for which he was employed, expressly or impliedly, his act cannot be regarded as the act of the master." Corbin Fruit Co. v. Decker, 252 Ky. 766, 68 S.W.2d 434, 437, in which it was said, "The doctrine of the master's liability for the acts of the servant applies only where the master-

servant relationship existed at the time and in respect to the thing causing the injury, and the master had the right of control. * * * The master is never responsible for the acts of the servant unless the act is done in execution of the master's authority, express or implied.'' (Citing cases.) Other cases so holding are Slusher v. Hubble, 254 Ky. 595, 72 S.W.2d 39, Koch's Adm'r v. Koch Bros. 274 Ky. 640, 119 S.W.2d 1116, and Wood v. Southeastern Greyhound Lines, 302 Ky. 110, 194 S.W.2d 81, 82. In the latter case this court said:

"If the agent steps aside from the principal's business, for however short a time, to do acts not connected with such business, *the relation of agency and the agent is for that time suspended,* and the agent is not acting within the scope of his employment. 3 C.J.S., Agency, p. 187, Sec. 255.'' (Emphasis ours.)

We think the principle enunciated in the above case is clearly applicable and controlling here. When appellee Holmes drove past the home of his employer, appellee Harper, and went on to carry his accommodation passengers to the place where they were going, the relationship of master and servant was suspended and he was engaging in an undertaking of his own for which his master was not responsible. The lower court therefore correctly instructed the jury to find for appellee Ed Harper.

The judgment is therefore affirmed.