## Louisville & N. R. Co. v. Home Fruit & Produce Co.

May 10, 1949.

C. S. Landrum, C. E. Rice, Jr., J. C. Baker and H. L. Bryant for appellant.

George E. Reams for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

This is a suit by appellee seeking recovery of the sum of $396.85 for damage to a shipment of celery from California to Harlan, Ky., the alleged damage being caused by freezing. The carload shipment left Terminous, Calif., on December 11, 1945, over the route of the initial carrier, Western Pacific, and was delivered to appellee by appellant at Harlan on December 24 or 26, the exact time being in dispute. The shipment consisted of 378 crates of celery, all consigned to appellee. However, appellee had previously sold 273 crates of this shipment to a customer in Lexington, Ky., and arrangements were made for a stop-off at Lexington, and a partial unloading of the car at that point. Shipping instructions provided for this and the freight bill, filed as an exhibit, shows a charge of $6.93 for this stop-over privilege. Shipping instructions call for standard refrigeration, and freight bill shows a charge of $70.00 for this item. The car proceeded over various carriers and arrived in Lexington on December 22 at 7:00 a. m. It was placed on the unloading track at 8:00 a. m. and the consignee notified. During the day the 273 crates, which had been sold to appellee's Lexington customer, were unloaded of which appellant was notified at 6:30 p. m., and the car left Lexington at 9:15 the same day in the train bound for Harlan. The car arrived in Lexington under a Western Pacific seal, presumably the original seal under which it left California. The evidence does not disclose whether the car was resealed at Lexington after its partial unloading. An employer of appellant testified that he inspected the doors of the car in the yards at Loyal on the outskirts of Harlan on December 24 between 7:10 a. m. and 7:45 a. m. and found the doors "O.K." as he expressed it. This examination was made as the result of a message from the L. & N. agent at Harlan and was confined to the doors and no other part of the car was inspected.

According to the testimony of Mr. Kelly, manager of

appellee, the car was accepted on December 26, and the freight bill, filed as an exhibit, is stamped paid as of that date. According to his testimony he examined the celery immediately after its receipt and found part of it frozen. He immediately called the L. & N. agent, Mr. Strong, who came and inspected the celery and confirmed its condition and instructed him to unload the car, sort out the celery, get what good he could out of it and he would make a notation on the freight bill. This he did by marking on the freight bill "Cks 105 crts celery, part frozen when examined at Home Fruit Co. siding." After salvaging such celery as was merchantable, Mr. Kelly estimated the loss at $409.72, the difference in the value of the celery in good condition and the condition in which it was received. In the instructions the court limited appellee's recovery to $396.85, the amount claimed in the petition.

### Points on Appeal

Upon trial of the case the jury returned a verdict for appellee for the full amount prayed for and appellant has prayed an appeal in this court. Reversal is asked on four grounds: (1) that appellant is entitled to a judgment notwithstanding the verdict; (2) the evidence did not sustain the verdict; (3) error in the admission of evidence; (4) error in the instructions.

Since the case must be reversed under the first ground, it will not be necessary to consider the others.

The basis of appellant's contention that the lower court should have sustained its motion for a judgment non obstante is that appellee did not allege in its petition that written notice of the claim sued on had been filed within nine months after delivery of the shipment as provided in the bill of lading, a copy of which is filed with the petition as an exhibit. The portion of section 2(b) applicable here reads as follows:

"As a condition precedent to recovery, claims must be filed in writing * * * within nine months after delivery of the property * * *. Where claims are not filed * * * in accordance with the foregoing provisions no carrier hereunder shall be liable and such claims will not be paid."

Appellant contends that the filing of this claim in

writing is a condition precedent to the right to recover and since the petition did not so state, appellant is entitled to judgment despite the verdict. Its motion for such judgment was made after the verdict of the jury and before judgment and was overruled.

We think appellant's contention is well taken. The bill of lading here involved is the uniform bill of lading adopted and in use on practically all railroads including those over which this shipment passed and it represents the sole shipping contract between the parties, and its terms must be substantially complied with. Appellee had no cause of action until it had complied with this condition precedent to its right of recovery by alleging that it had filed its claim in writing within nine months' period provided by the contract between the parties. The petition contains no such allegation. If appellee had brought this suit within this nine months' period, the filing of the suit might have been construed as written notice within the meaning of the contract, a point not necessary to decide since this suit was not filed until sixteen months after the shipment was received. This was well within the two year period that suit could have been filed under the contract, but was well outside the time required for the giving of written notice. Appellee contends, and its proof tends to show, that appellant was given actual notice of the loss because its agent at Harlan was notified of the condition of the celery upon its arrival at its destination and this agent made a notation on the freight bill that the celery was partly frozen when examined at appellee's siding. Had there been an averment in the pleadings that written notice had been given to appellant, then it would have been for the courts to decide whether or not actual notice to the agent and his notation on the freight bill constituted written notice within the meaning of section 2 (b) of the bill of lading. Without such averment there is no occasion for such construction.

While the construction to be placed on the section of the bill of lading here involved appears not to have been heretofore decided by this court, it has been decided in the Federal courts that notice in writing is a condition precedent to the right of action. As was said in the case of The Sagadahoc, D. C., 291 F. 920, 921:

"The rule, I think, is well settled that a stipulation that damages to cargo must be asserted within a given time, if reasonable, is binding. * * * The provision in the bill of lading being a condition precedent to a right of action, the performance must be stated, or a waiver pleaded, or excuse given for noncompliance. 31 Cyc. 58; 10 C. J. 364; Metropolitan Trust Co. v. Toledo, St. L. & K. C. R. Co., CC., 107 F. 628. * * * The stipulation in the bill of lading being a part of the contract, the performance of which is a condition precedent to recovery, the burden being upon the respondent to show that the condition was performed or was waived, and this not being pleaded, the libel fails to state a cause of action."

Since the shipment involved in the present case was an interstate shipment and the Interstate Commerce Act, 49 U. S. C. A. is applicable thereto, the rulings of the Federal court thereon are persuasive if not binding on this court.

Since appellee failed to state a cause of action in its pleadings, appellant's motion for a judgment non obstante at the time it was made should have been sustained as provided by section 386 of the Civil Code of Practice, which says, "Judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him." Slusher v. Hubble, 254 Ky. 595, 72 S. W. 2d 39, and cases therein cited. In the present case, as in the Slusher case, no demurrer was filed to the petition and no motion for a directed verdict was made by the defendant, appellant herein. The denial contained in the answer was a general one and no affirmative allegations overcame the failure of the petition to set forth facts sufficient to constitute a cause of action. When the petition fails to state facts sufficient to constitute a cause of action, unless the defect is cured by an answer, the defendant is entitled to a judgment notwithstanding the verdict.

Wherefore motion for appeal is granted and the judgment is reversed with directions to enter a judgment in accordance herewith.